In the Matter of the Estate of FRANK A. SEITZ, Deceased.

Surrogate's Court, Westchester County, February 5, 1932.

*Lydecker & Voss*, for Selma Seitz, widow, appellant.

*Edgar Hirschberg*, for the State Tax Commission.

*Gregory, Stewart & Montgomery*, for the executors.

SLATER, S. This is an appeal from a *pro forma* order of the surrogate assessing the transfer tax, upon the ground that the amount of $20,616.66, being a payment made to Selma Seitz, the widow, of the principal and interest under an antenuptial agreement in evidence before the appraiser and referred to in paragraph " second " of the will of the deceased, was not deducted as non-taxable.

The decedent and one Selma Herzfeld entered into an antenuptial agreement on October 14, 1907, whereby the decedent gave to the party of the second part the sum of $20,000, with interest at five per cent, conditioned upon her surviving him six months subsequent to his death. The antenuptial agreement is as follows:

"*First.* That the party of the first part will, and he hereby does give to the party of the second part the sum of Twenty thousand dollars ($20,000) conditioned upon her surviving him six months subsequently to his death, which payment shall be made by the executors or administrators of the said party of the first part six months after the decease of said party of the first part and shall bear interest at the rate of five per cent. per annum from the date of the decease of said party of the first part, it being the intention of the parties hereto that should said party of the second part predecease the party of the first part or not survive him for a period of six months, that no right or interest in and to the estate of the said party of the first part shall accrue under this agreement to the party of the second part, her heirs, executors, administrators or assigns.

"*Second.* That the party of the second part, will, and she hereby does accept the said sum of Twenty Thousand dollars ($20,000), to be paid her as conditioned upon and provided for in the immediately preceding paragraph, numbered 'First' of this agreement in full satisfaction of any and all claim, demand, right, title, interest or dower of, in and to the estate, real, personal or mixed whereof the said party of the first part is now, or may hereafter become or die seized, or entitled to; and that the said party of the second part is hereby forever barred and estopped from claiming, demanding or setting up any and all right, title, interest, dower or share of, in and to the estate, real, personal and mixed whereof the said party of the first part is now, or may hereafter become or die seized of, or entitled to, excepting, however to said sum of Twenty thousand dollars ($20,000) herein provided to be paid her and to any additional provision or sum that may be provided for her by said party of the first part in his Last Will and Testament.

" It is hereby expressly agreed, however, that, should the parties hereto become legally separated, or should proceedings ever be instituted, by either of the parties hereto against the other for any absolute divorce, then in such event, this agreement shall cease and determine and become null and void and the executors or administrators (as the case may be) of the party of the first part, shall not pay the said sum of Twenty thousand dollars ($20,000) to the party of the second part, but said sum of Twenty thousand dollars ($20,000) shall become and be part and parcel of the estate of the party of the first part as fully and to the same extent as though this agreement had never been made."

The parties to this agreement subsequently married.

The antenuptial agreement was a valid contract based upon a valuable consideration. It created a gift with payment postponed.

It was not revocable according to the terms of the agreement, except upon the legal separation of the parties, or a divorce. The agreement was in full force and effect at the time of the decedent's death. The decedent died on January 26, 1931, leaving a last will and testament executed August 2, 1929, wherein he said:

" *Second.* I give and bequeath to my wife, Selma Seitz, the sum of Twenty Thousand and 00/100 Dollars ($20,000.00), in full satisfaction and discharge of the ante-nuptial agreement entered into between my said wife and myself bearing date the 14th day of October, 1907, it being my will, however, that, anything in said agreement to the contrary notwithstanding, said sum of Twenty Thousand and 00/100 Dollars ($20,000.00) shall be paid to my said wife with interest at the rate of five per cent. (5%) per annum from the date of my death, without any condition as to how long she may survive me."

Section 220 of the Tax Law (as amd. by Laws of 1928, chap. 330) was in effect in January, 1931, the date of the testator's death.

" § 220. Taxable transfers — residents. A tax shall be and is hereby imposed upon the transfer of any property real or personal, * * *

" 1. When the transfer is by will or by the intestate laws of this state from any person dying seized or possessed thereof while a resident of the state.

" 2. When the transfer is made by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor, or donor or intended to take effect in possession or enjoyment at or after such death, or where any change in the use or enjoyment of property included in such transfer, or the income thereof, may occur in the lifetime of the grantor, vendor or donor by reason of any power reserved to or conferred upon the grantor, vendor or donor, either solely or in conjunction with any person or persons to alter, or to amend, or to revoke any transfer, cr any portion thereof, as to the portion remaining at the time of the death of the grantor, vendor or donor, thus subject to alteration, amendment or revocation. *If any one of the transfers mentioned in this sub-division is made for a valuable consideration, the portion of the transfer for which the grantor or vendor receives equivalent monetary value is not taxable, but the remaining portion thereof is taxable.*"

The question is, did the $20,000 pass under the antenuptial contract or under an instrument testamentary in character?

The guide to a decision in the instant case is found in the change in the law by the amendment of section 220 of chapter 143 of the Laws of 1925. The last clause of the old subdivision 4 (Laws of 1922, chap. 430) was placed in subdivision 2 of section 220 (as amd.

by Laws of 1925, chap. 143) and was carried into amendment of 1928. So that " any one of the foregoing transfers mentioned in this subdivision " is non-taxable.

In the instant case the interest accrued, not under a will, nor by intestacy, but under an instrument to take effect after the death of the maker, with ample consideration and, consequently, the transfer is free from the imposition of a tax.

Without a will, the widow had an enforcible debt against the estate under the terms of her contract. The will recognized and admitted the existence of a specific debt. Its force was spent when it released the condition as to time of payment. (*Matter of Baker*, 83 App. Div. 530; affd., 178 N. Y. 575; *Matter of Orvis*, 223 id. 1, 6; *Matter of Vanderbilt*, 184 App. Div. 661; affd., 226 N. Y. 638; *Matter of Schmoll*, 191 App. Div. 435; affd., 230 N. Y. 559.)

The question whether this gift is taxable was settled by *Matter of Howell* (255 N. Y. 211, 216, 217) (January, 1931). It was a case of a separation agreement and the gift was held to pass under the will. The testator contracted to make the gift by will. The court clearly distinguished the *Baker, Vanderbilt* and *Schmoll* cases.

The transfer in the instant case was by a method defined in subdivision 2 of section 220 and is not taxable.

Submit order on notice to attorneys appearing, amending the assessing order by modifying the same by striking out the tax upon this item of property.