---

(121 App. Div. 129)

### In re FRANCIS' ESTATE.

(Supreme Court, Appellate Division, Fourth Department. July 9, 1907.)

TAXATION—TRANSFER TAX—EXEMPTIONS—BEQUEST TO LIBRARY.

    Tax Law (Laws 1896, p. 869, c. 908, as amended by Laws 1905, p. 829, c. 368) § 221, imposing a transfer tax, provides that any property bequeathed to any educational corporation shall be exempt, and that there shall also be exempt "personal property other than money or security bequeathed to a corporation or association organized exclusively for library purposes." *Held*, that a bequest to the Didymus Thomas Memorial Library Association, an educational corporation incorporated by the regents of the University of the State of New York, and constituting part of such university, was taxable.

    McLennan, P. J., dissenting.

Appeal from Surrogate's Court, Oneida County.

Judicial accounting by the executors of the will of Lydia M. Francis, deceased. From that part of an order of the Surrogate's Court confirming a transfer tax theretofore assessed on a legacy and interest passed by the will to the Didymus Thomas Memorial Library Association, the executors appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

William Townsend, for appellants.
David E. Powers, for respondent.

ROBSON, J.   The executors of the will of Lydia M. Francis, deceased, seek by this appeal to have a tax amounting to $3,589.30, which has been imposed by the Surrogate's Court of Oneida county upon the interest in the estate of their testatrix passing by her will to the Didymus Thomas Memorial Library Association, canceled, and that interest declared to be exempt from such taxation.   This association, which is the real party in interest in this appeal, is, as its name implies, a library corporation, and the record discloses that it was duly incorporated by the regents of the University of the State of New York.   Its charter asserts, and the law under which its organization was perfected declares, it to be an "institution of the University of the State of New York."   Its incorporation preceded by some years the death of testatrix, and prior to the latter date it had on several occasions received from the University public funds, which were to be used in its support.

Appellants' claim is that this association is exempt from assessment of this transfer tax, on the ground that it is an educational corporation within the meaning of that term as used in section 221 of the tax law (Laws 1896, p. 869, c. 908).   They concede that the bequest to the association is subject to a transfer tax of the amount imposed, unless it comes within the "exceptions and limitations" contained in that section, as amended by chapter 368, p. 829, of the Laws of 1905.   This library association is, as we have said, an institution of the University of the State of New York, is subject to the inspection, supervision, and direction of the regents, and has received state aid towards its support.   The chief function of the University is, as the statute declares:

"To encourage and promote higher education, to visit and inspect its several institutions and departments, to distribute to, or expend or administer for, them such property and funds as the state may appropriate therefor, or as the University may own, or hold, in trust, or otherwise."

Section 24 of the university law in terms recognizes libraries, which have been admitted to or incorporated by the university, as institutions for higher education.   While the ownership of this library is not in the public, yet it is, as may be fairly inferred from the record, maintained "for its welfare and free use"; and we are inclined to agree with the appellants in their claim that this association may be considered as comprehended within the class designated broadly as "educational."   Essex v. Brooks, 164 Mass. 79, 41 N. E. 119.   Reference to section 221 of the tax law (Laws 1896, p. 869, c. 908), under which appellants claim for the association exemption from this tax, discloses that educational corporations are included in the list of corporations which are declared to be not subject to the provisions of the act pursuant to which a transfer tax can be levied.   It follows that, unless the use of the broad, general term "educational" is by the statute itself limited in its application, the tax to which appellants object cannot be sustained.

Prior to the amendment of section 221 by chapter 368, p. 829, of the Laws of 1905, property devised or bequeathed to a bishop or to a religious corporation, including corporations organized exclusively for Bible or tract purposes, was exempt from transfer tax; but the exemption of property bequeathed to a charitable, benevolent, missionary, hospital, infirmary, educational, scientific, literary, library, patriotic, cemetery, or historical corporation was limited to personal property other than money or securities so passing. Chapter 458, p. 1172, Laws of 1901. The amendment of 1905 transferred to the exempt class charitable, benevolent, missionary, hospital, infirmary, and educational corporations; but the other corporations, enumerated in the class entitled to the limited exemptions above referred to, were still retained in that class; the statute, as so amended, so far as material to the present discussion, being as follows:

"But any property devised or bequeathed to any person who is a bishop or to any religious, educational, charitable, missionary, benevolent, hospital or infirmary corporation, including corporations organized exclusively for Bible or tract purposes, shall be exempted from and not subject to the provisions of this act. There shall also be exempted from and not subject to the provisions of this act personal property other than money or securities bequeathed to a corporation or association organized exclusively for the moral or mental improvement of men or women or for scientific, literary, library, patriotic, cemetery or historical purposes or for the enforcement of laws relating to children or animals or for two or more of such purposes and used exclusively for carrying out one or more of such purposes."

Citation of authorities in support of the rule by which courts must be guided in ascertaining the meaning of a statute, that the intent of the makers of the law in question is to be first ascertained from the whole statute, and effect given, if possible, to all the language employed, is unnecessary. If the legislative intent, expressed by this statute, was to include library corporations in the general class which the statute describes as educational, then the particular reference in the statute to library corporations would be apparent surplusage; and the same might be said of the like statutory enumeration of scientific and literary corporations, which are, quite as clearly as library corporations, within the compass of the term "educational." Further confirmation of the conclusion that library corporations were not in legislative intent included in the class designated as "educational" appears by reference to the provisions of the tax law, where exemptions from general taxation are enumerated, in which library, scientific, and literary corporations are by name included, though the same list includes educational corporations. Subdivision 7, § 4, Tax Law (Laws 1896, p. 797, c. 908). This court has said, in a case where the provisions of this same statute were considered:

"It is firmly settled that no person or property is impliedly exempt from taxation, and where exemption is claimed the statute is to be strictly construed against the claimant." Matter of Deutsch, 107 App. Div. 192, 95 N. Y. Supp. 65.

The Legislature, having by the amendment of 1905, to which we have referred, transferred educational corporations to the class which by the terms of the statute is entirely exempt from this tax, and having retained in the limited exemption class library, scientific, and literary corporations, it is apparent that within the legislative intent these lat-

ter corporations, though otherwise they might be held to be included in the comprehensive term "educational," yet forming, as they do, a limited or special class to which exemption has not been extended, are excluded from participation in the exemption accorded to other corporations which the statute refers to as educational.

Sufficient authority for the statement is readily found that when a statute contains separate provisions, one special and the other general, the latter will not be regarded as including the former; but the special provision will be regarded as in the nature of an·exception to the general. In the statute before us the general intention to exempt educational corporations from this tax is clearly expressed; but the intention to retain library corporations in the limited exemption class is manifested with equal certainty. The order appealed from should be affirmed, with $10 costs and disbursements, payable from the estate of deceased.

Order affirmed, with $10 costs and disbursements, payable from the estate of deceased. All concur, except McLENNAN, P. J., who dissents.