In the Matter of the Estate of LEON COHEN, Deceased.
STATE TAX COMMISSION, Appellant.
LEWIS T. COHEN et al., as Executors of LEON COHEN,
Deceased, Respondents.

(Argued March 4, 1936; decided April 14, 1936.)

*Seth T. Cole, Mortimer M. Kassell* and *Harry M. Peyser* for appellant. The bequest to the cemetery association is not exempt from the transfer tax by virtue of anything contained in section 221 of the Tax Law (Cons. Laws, ch. 60). (*Matter of Beekman,* 232 N. Y. 365; *Matter of Francis,* 121 App. Div. 129; 189 N. Y. 554; *Matter of Saunders,* 77 Misc. Rep. 54; *Matter of Davis,*

149 N. Y. 539; *Matter of Kane,* 246 N. Y. 498; *Matter of Manning,* 169 N. Y. 449; *Matter of Fletcher,* 219 App. Div. 5; *Matter of Weil,* 228 App. Div. 522; *Matter of Fancher,* 139 Misc. Rep. 239; *Matter of Stone,* 56 Misc. Rep. 247; *Matter of Harkness,* 134 Misc. Rep. 203.) The transfer to the cemetery association was by will, and, for that reason, is subject to the transfer tax. (Cons. Laws, ch. 60, § 220; *Matter of Enston,* 113 N. Y. 174; *Matter of Fayerweather,* 143 N. Y. 114; *Matter of Harbeck,* 161 N. Y. 211; *Matter of Mergentime,* 129 App. Div. 367; 195 N. Y. 572; *Matter of Gould,* 156 N. Y. 423; *Matter of Howell,* 255 N. Y. 211; *Matter of Kidd,* 188 N. Y. 274.)

*Edward S. Frith* for respondents. Bequests of personal property in trust for the purpose of perpetual care, maintenance, improvement or embellishment of private burial plots in or outside of cemeteries are for charitable and benevolent uses. (*Matter of Meek,* 113 Misc. Rep. 301; *Matter of Beck,* 130 Misc. Rep. 765; *Matter of Delafield,* 142 Misc. Rep. 536; *Matter of Burnham,* 112 Misc. Rep. 560; 196 App. Div. 948; 232 N. Y. 506; *Matter of Guiteras,* 113 Misc. Rep. 196; 205 App. Div. 886; *Matter of Braasch,* 206 App. Div. 96; *Matter of Kiernan,* 134 Misc. Rep. 868; 227 App. Div. 782; *Matter of Thompson,* 57 App. Div. 317.) The payments directed to be made to the cemetery association are exempt as a part of the decedent's funeral expenses. (*Matter of Brundage,* 101 Misc. Rep. 528; *Matter of Farmers Loan & Trust Co.,* 186 App. Div. 722; 226 N. Y. 691; *Matter of Maverick,* 135 App. Div. 44; 198 N. Y. 618; *Matter of Vinot,* 7 N. Y. Supp. 517; *Matter of Edgerton,* 35 App. Div. 125; 158 N. Y. 671.)

FINCH, J. The decedent left a will disposing of an estate of approximately $30,000. One clause of the will directs the payment of all just debts and funeral expenses and the erection of a gravestone or marker at an expense not to exceed $250. Several other bequests were made and the residuary estate was placed in trust for the lives

of the wife and son of the decedent. The will provides that if the wife predeceases the son, the trustees are to pay $1,000 out of the principal of the trust to the Macphaela Cemetery Association and at the time of the son's death an additional $3,000 is to be paid to said cemetery association. If the son predeceases the wife of the decedent, the trustees are to pay $4,000 to the cemetery association at the time of her death. The cemetery association is to hold this money in trust and apply the net income thereof to the perpetual care and embellishment of the decedent's burial plot and the graves and monuments therein. The tax appraisers, in fixing the transfer tax, included as taxable the $4,000 which is to go to the cemetery association.

Upon appeal to the Surrogate the $4,000 was held not taxable on the ground that it constituted a gift to a corporation not operating for profit and organized solely for benevolent and charitable purposes. Upon reargument the Surrogate, while conceding that cemetery corporations were not included as charitable corporations as that term is used in the Tax Law (Cons. Laws, ch. 60, § 221), affirmed upon the ground that the bequest constituted a reasonable funeral expense. The Appellate Division affirmed and granted permission to appeal to this court.

The transfer of the $4,000 bequest to the Macphaela Cemetery Association was by will. Section 220 of the Tax Law, which had not then been superseded by article 10-C, applies. Subject to certain exemptions and limitations not here applicable, as later we shall point out, this section (220) makes taxable every transfer by will of " * * * any property real or personal, or of any interest therein or income therefrom in trust or otherwise, * * *." When there is no bequest by will the transfer tax law is silent with respect to the property of a decedent which is applied to the payment of his debts and funeral expenses. In this connection

the courts have established the principle that only transfers which come within the express provisions of the statute are subject to the tax. Hence if a tax is to be imposed there must appear a clear expression of legislative intention. (*Matter of Enston*, 113 N. Y. 174; *Matter of Harbeck*, 161 N. Y. 211.) In consequence debts and funeral expenses not bequeathed but paid by an executor or administrator are not taxable since there is no transfer by will or intestacy but only the payment of obligations. Bequests by will, however, even in payment of debts, have been held to be subject to tax. (*Matter of Gould*, 156 N. Y. 423; *Matter of Howell*, 255 N. Y. 211.) The principle is equally applicable to reasonable funeral expenses. Even though we assume that the $4,000 bequest to the cemetery association herein is a reasonable funeral expense, still the transfer being by will must be held taxable. (See *Matter of Howell*, *supra*.) We may assume that if there had been a renunciation of the bequest and immediate reasonable expenditures for the care and upkeep of the cemetery plot they would not be taxable but treated as funeral expenses. The executors, however, did not so proceed. Like the son in *Matter of Gould* (*supra*), they relied on the bequest as such and hence must pay the tax. Presumably what they desired was the trust feature of the bequest which could only be retained by acting pursuant to the will.

The case of *Matter of Maverick* (135 App. Div. 44; affd., 198 N. Y. 618) has not been overlooked. Since that case was decided, the principle has been clarified and firmly established that where a transfer is by will it is subject to tax.

Turning now to the broad exemptions for charitable corporations provided in the Tax Law (§ 221), we find that they do not apply to cemetery corporations or associations. The second sentence of that section of the Tax Law specifically lists cemetery corporations or associations including them with other corporations

which are only entitled to exemptions for bequests of personal property other than money or securities. This specific reference to cemetery corporations precludes any interpretation which might bring them within the general exemption provision. (*Matter of Francis*, 121 App. Div. 129; affd. on opinion below, 189 N. Y. 554; *Matter of Beekman*, 232 N. Y. 365.)

The orders should be reversed and the tax reinstated, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Orders reversed, etc.