In the Matter of the Estate of ALICE H. DOUGHERTY, Deceased.

Surrogate's Court, New York County, October 4, 1937.

*Lowe & Dougherty*, for the executors.

*Edgar Hirschberg*, for the State Tax Commission.

DELEHANTY, S.   This is an appeal by the executors from the order of June 11, 1937, fixing the estate tax on the appraiser's report.   The ground of appeal is that the appraiser failed to allow as a deduction the sum of $1,000 bequeathed in the second paragraph of the will to " The Evergreens " for the perpetual care of the decedent's grave.

The decedent died on February 11, 1936, and it is the contention of the State Tax Commission that under the authority of *Matter of Cohen* (270 N. Y. 383) the gift is taxable.   While that case involved the provisions of the former Transfer Tax Law, the State Tax Commission argues that the reasoning therein is equally applicable to the Estate Tax Law governing this estate.   In the *Cohen* case a bequest to a cemetery association for the perpetual care of decedent's grave was held to be a taxable transfer under section 220 of the former Transfer Tax Law.   The court specifically limited its decision to the provisions of section 220 which it held " makes taxable every transfer by will " unless coming within the broad exemptions for charitable corporations as provided for in section 221 of the Tax Law.   The new Estate Tax Law applicable to this estate does not provide for the imposition of a tax upon every transfer by will.   Section 249-n of the Estate Tax Law imposes a tax only " upon the transfer of the net estate."   The net estate in accordance with section 249-s is determined by deducting from the value of the gross estate various items including funeral expenses.   Funeral expenses include " a reasonable charge or expenditure for the perpetual care of the decedent's burial lot " (Surr. Ct.

Act, § 314). The reasonableness of the $1,000 bequest for perpetual care in the instant case is not questioned and this amount should be deducted from the gross estate in ascertaining the net estate subject to tax.

Subsequent to the decision in *Matter of Cohen*, section 249-s of the Tax Law was amended by chapter 644 of the Laws of 1937, in effect May 26, 1937. The amendment, inserted in the section authorizing the deduction of funeral expenses in ascertaining the net estate, reads " for the purposes of this section, a bequest for the perpetual care of the decedent's burial lot, and suitable monumental work to be erected thereon, shall be deemed a funeral expense, to the extent that it constitutes a reasonable amount for such purposes." While this amendment is not retroactive to February 11, 1936, the date of this decedent's death, neither is it indicative of a change in the law as it existed at that date. The amendment undoubtedly was enacted to remove any possibility of applying the decision in *Matter of Cohen* to the provisions of the new Estate Tax Law. It was merely a clarification of the existing law rather than a change therein. The appeal is sustained.

Submit, on notice, order modifying the order fixing tax accordingly.