In the Matter of the Accounting of CHASE NATIONAL BANK OF THE CITY OF NEW YORK, as Executor of WILLIAM H. E. JACKSON, Deceased.

Surrogate's Court, Kings County, April 24, 1947.

*Connolly, Frey & Eschmann* for petitioner.

*Walter Jeffreys Carlin* for Emily H. Jackson, objectant.

*Wingate & Cullen* for Arthur Jackson and others, respondents.

McGAREY, S. Objection heretofore filed by the widow of the decedent to the executor's failure to provide for perpetual care of testator's grave is dismissed. Testator is interred in a plot containing ten graves, and his first wife, sister of the objectant, is interred in another grave therein. The plot is owned by the widow's family, four other members of which are likewise interred therein. The cemetery is located in New Jersey, the

owners of which have long since abandoned it. Perpetual care, however, could be arranged by the deposit of the sum of $5,000 in a trust fund with a bank located in the vicinity of the cemetery.

The executors and the widow's family have heretofore expended a large sum of money in restoring the plot by grading and the erection of posts, footstones and a monolith, the estate bearing approximately 64% of such cost, the balance being borne by the widow's family.

The expenditure by the executor of the sums for placing the plot in repair and for the monument was reasonable and proper.

There is testimony that the objectant or her representatives or both agreed that, upon the payment of such sums, the remaindermen would not be called upon for further contributions toward the upkeep of the plot. Under the facts disclosed in this proceeding the refusal of the executor to expend any amount in excess of $1,000 for perpetual care is not only reasonable but proper and fully justified. An estate is not required to expend more than its proportionate share of the cost of perpetual care of the plot (*Matter of Burroughs*, 155 Misc. 237; *Matter of Cohen*, 150 Misc. 534, affd. 246 App. Div. 539, revd. on other grounds 270 N. Y. 383).

Included within the definition of " funeral expenses " is " * ° * a reasonable charge or expenditure for the perpetual care of the *decedent's* [underscoring not in original] burial lot." (Surrogate's Ct. Act, § 314, subd. 3.) Neither that section nor section 216 of the Surrogate's Court Act makes it mandatory for the executor to provide perpetual care of a cemetery plot wherein his testate is interred. Even though the plot be not owned by the testate, his executor, however, may properly expend a sum for perpetual care thereof, the reasonableness of which will be passed upon by the court if objection thereto is raised. The objection is dismissed.

Proceed accordingly.