In the Matter of the Estate of HAMPTON HOWELL,
Deceased.
JOHN H. MORGAN et al., as Executors, Respondents;
STATE TAX COMMISSION, Appellant.

(Argued November 24, 1930; decided January 6, 1931.)

*Seth T. Cole, Percy D. Stoddard* and *Harry M. Peyser* for appellant. The assessment of a transfer tax on the life estate of the widow was proper. (*Matter of Kidd,* 188 N. Y. 274; *Matter of Dows,* 167 N. Y. 227; *Orr* v. *Gilman,* 183 U. S. 278; *Matter of Delano,* 176 N. Y. 486; *Astor* v. *Kelsey,* 205 U. S. 466; *Matter of Smith,* 150 App. Div. 805; *Matter of Baker,* 178 N. Y. 575.) All transfers for a valuable consideration are not exempt

from transfer tax. (*Matter of Gould*, 156 N. Y. 423; *Matter of Orvis*, 223 N. Y. 1; *Matter of Barbey*, 114 N. Y. Supp. 725; *Matter of Vivanti*, 63 Misc. Rep. 618; 146 App. Div. 942; 206 N. Y. 656; *Matter of Riemann*, 42 Misc. Rep. 648; *Matter of Gale*, 83 Misc. Rep. 686; *Matter of Taylor*, 121 Misc. Rep. 7; 209 App. Div. 299; *Matter of Dunn*, 236 N. Y. 461; *Matter of Bolton*, 121 Misc. Rep. 51.) The transfer to the adopted son is taxable. (*Matter of Stephen*, 121 Misc. Rep. 596.)

*Richmond L. Brown* and *William K. Allison* for respondents. The assessment of a transfer tax on the life interest to the widow was erroneous since the transfer to her was in discharge of an existing obligation of the testator based upon a valuable consideration. (*Matter of Cory*, 177 App. Div. 871; 221 N. Y. 612; *Matter of Orvis*, 223 N. Y. 1; *Matter of Western*, 152 N. Y. 93; *Matter of Baker*, 83 App. Div. 530; 178 N. Y. 575; *Matter of Vanderbilt*, 184 App. Div. 661; 226 N. Y. 638; *Winter* v. *Winter*, 191 N. Y. 462.) The assessment of a transfer tax on the remainder interest to the adopted son was erroneous since the transfer to him was in discharge of an existing obligation of the testator based upon a valuable consideration. (*Matter of Schmoll*, 191 App. Div. 435; 230 N. Y. 559; *Matter of Peabody*, 124 Misc. Rep. 338; *Matter of Roeck*, 111 Misc. Rep. 509; *Seaver* v. *Ransom*, 224 N. Y. 233; *Todd* v. *Weber*, 95 N. Y. 181.)

O'BRIEN, J. Several years before his death Hampton Howell, a resident of Suffolk county, entered into a separation agreement with his wife. The tenth paragraph of this document provides: " The said husband hereby agrees to provide by last will and testament that should he depart this life previous to the decease of the wife, the said wife shall receive an amount equal to one third of his net income arising from his estate after the payment of all debts, inheritance or succession taxes, legal fees,

administration expenses, etc., for the balance of her natural life and at her death the principal of said fund shall go to the adopted child of the parties hereto, said Gilbert Howell, and in consideration whereof the said wife hereby agrees that should the said husband predecease her all rights under this agreement except as to the provision to be made by his last will and testament, shall cease and determine; and should the said wife predecease the husband then and in that event the said wife, for herself, her heirs, executors, administrators and assigns, hereby agrees that all rights under this agreement or under said will shall cease and determine." Mr. Howell afterwards executed a will by the seventh clause of which he directed his residuary estate to be divided into three equal parts, one of which he directed his trustee to invest and to pay the income to his widow during her life. The trustee was directed, at her death, to pay the income from this third over to the adopted son, Gilbert, in accordance with the terms of a trust created for his benefit. The husband predeceased the wife, and the issue of law is whether her life interest and the son's remainder in the one-third of the residuary is taxable.

At the date of Mr. Howell's death, January 5, 1926, section 220 of the Tax Law (Cons. Laws ch. 60), as amended by chapter 143, Laws of 1925, was in effect. By this statute a tax, subject to certain exemptions and limitations not applicable to the facts in this case, is imposed upon the transfer of any interest in real or personal property or income therefrom in trust or otherwise: " 1. When the transfer is by will or by the intestate laws of this State from any person dying seized or possessed thereof while a resident of the State. 2. When the transfer is made by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor or intended to take effect in possession or enjoyment at or after such death * * *. If any one of the transfers mentioned in this subdivision is made for a valuable consideration,

the portion of the transfer for which the grantor or vendor receives equivalent monetary value is not taxable, but the remaining portion thereof is taxable." Let it be noted that, by the terms of this statute, valuable consideration and equivalent monetary value have no application to transfers by will or intestacy. They relate solely to such transfers as are effected in the manner described in subdivision 2.

Prior to the amendment of section 220 of the Tax Law by chapter 430 of the Laws of 1922, no statute dealt with transfers for a consideration adequate or inadequate. Even under the terms of this section, as amended by chapter 143 of the Laws of 1925, transfer by will or intestacy is left unaffected by consideration. In the absence of enactment bearing upon such a question this court, during a long term of years, had passed upon the effect of transfers by will wherein definite contractual obligations based upon consideration and enforceable against the estate were recognized and expressly found. *Matter of Gould* (156 N. Y. 423), in which such a transfer was involved, required the interpretation of that part of the Tax Law existing by chapter 399, Laws of 1892, which then simply provided: " A tax shall be and is hereby imposed upon the transfer of any property  *  *  * when the transfer is by will." We held that the imposition of the tax was not limited to property gratuitously given by will but was extended to all property so transferred even to a testamentary transfer in payment of a debt. *Matter of Baker* (83 App. Div. 530; affd. on opinion below, 178 N. Y. 575) construed another subdivision of section 220 as amended by chapter 284, Laws of 1897, in reference to transfers by deed, grant, bargain, sale or gift. The courts held that the widow's claim did not depend for its validity upon a deed or grant, was not testamentary in its character but was the outgrowth of a contract founded upon a valuable consideration, was enforceable like any other debt against the estate and,

therefore, was not subject to tax. *Matter of Kidd* (188 N. Y. 274, 279) interpreted the taxing statute effective in 1901 and distinguished the *Baker* case. Kidd and claimant's mother, for a monetary consideration passing from her in addition to the consideration of marriage, executed an antenuptial contract whereby the prospective husband agreed to bequeath and devise to his step-daughter by will either the whole property which he might leave or, in the event of the birth and survival of other children, a portion of it. This court decided that it was not a contract to convey but was a contract to make a will in her favor. He left a will but he neither bequeathed nor devised any property to claimant. In a suit in equity the Supreme Court converted the devisees under the testator's will into trustees for the claimant as a beneficiary under the ante nuptial agreement. She took under the will as enforced in equity and took subject to the transfer tax. *Matter of Cory* (221 N. Y. 612, decided in 1917 and affg. 177 App. Div. 871) is a case where shares of stock were transferred pursuant to an agreement supported by consideration. The transfer was held to fall exactly within the terms of the statute relating to deed, grant, bargain and sale and, notwithstanding the existence of consideration, was properly taxable. *Matter of Orvis* (223 N. Y. 1), decided in 1918, is not a will case. That decision like *Matter of Cory* rests upon the construction of the statute which related at that time to transfers by deed, grant, bargain, sale or gift. It construed an agreement for a consideration between partners establishing a fund and providing that upon the death of either it should pass to the survivor. The share of the deceased partner transferred, under the agreement, by death to the survivor was held to be taxable. This point was the only one necessary for decision but a broad discussion occurs in the opinion which, if applied to transfers by will, may be interpreted as somewhat inharmonious with the actual decisions in the *Gould* and *Kidd* cases. The

opinion holds that the language of the statute, literally adopted and applied, would manifestly subject the transfer to a tax, but states that the Legislature did not intend that those resting upon a valuable and adequate consideration should be taxable. It intended, so the opinion states, to tax only such transfers as are in their nature and character instruments or sources of bounty or benefaction. Within the same year, the Appellate Division in *Matter of Vanderbilt* (184 App. Div. 661) applied the doctrine as expressed in the *Orvis* case and this court affirmed, without opinion (226 N. Y. 638). In *Matter of Schmoll* (230 N. Y. 559, decided in 1920 and affg. 191 App. Div. 435) the widow and children took not under a testamentary disposition but in conformity with an antenuptial agreement executed pursuant to a statute of one of the Swiss cantons of which they were citizens at the time of the execution of the agreement and at the time of the husband's death in 1917. The Swiss law prohibited, during the existence of the marriage, the cancellation or alteration of such contracts by any act of the parties either testamentary or otherwise.

Not until the insertion in subdivision 4 of section 220 by chapter 430, Laws of 1922, of the provisions relating to " a valuable consideration " and to " equivalent monetary value " for property transferred by deed, grant, bargain, sale or gift, did the Legislature, in any respect, adopt the judicial thought as expressed in *Matter of Orvis*. Even then, the transfer by will was left untouched. Section 220, as amended by that act, consisted of eight subdivisions. Transfers by deed, grant, bargain, sale or gift were then included within subdivision 4 and provided for the transfer of many different items, under many different conditions. Subdivision 4 ended with the clause: " If *any one of the foregoing transfers* is made for a valuable consideration, the portion of the transfer for which the grantor or vendor receives equivalent monetary value is not taxable, but the remain-

ing portion thereof is taxable." The term " any one of the foregoing transfers " is ambiguous and might be deemed to include all transfers which were described not only in subdivision 4 but in each of the preceding subdivisions. If such a construction were to be given it, transfers by will or intestacy would be included, for subdivisions 1, 2 and 3 of section 220, as amended by that act, dealt with such transfers. The later amendment of section 220 by chapter 143, Laws of 1925, removed all doubt. Subdivision 4 no longer related to transfers by deed, grant, bargain, sale or gift but the provisions controlling them were inserted in subdivision 2. The last clause in subdivision 2 is the same as in old subdivision 4 with one exception of vital importance. The expression, " any one of the foregoing transfers," is changed to " any one of the transfers mentioned *in this subdivision*," thus, without possibility of ambiguity, limiting the class to transfers by deed, grant, bargain, sale or gift and excluding transfers by will or intestacy. The taxing power includes the right of selection and this right is unrestrained provided all persons in the same situation are treated alike and the tax is imposed equally upon all property of the class to which it belongs. (*People ex rel. Hatch* v. *Reardon*, 184 N. Y. 431, 445.) Transfer by will, therefore, remains subject to the rule formulated in cases like *Gould's* and *Kidd's* wherein a will rather than a deed, grant, bargain, sale or gift was necessarily involved. Transfer by will or intestacy likewise is controlled by the legislative direction as expressed in subdivision 1 of the present statute. Whatever confusion may have existed among the decisions rendered prior to the enactment of chapter 143, Laws of 1925, has been cleared by the explicit rule created by this statute. It must now constitute our sole guide.

Did the interests of Mr. Howell's widow and of the adopted son result from a contract or from an instrument testamentary in character? If they accrued under a deed, grant, bargain or sale to take effect after the death of

the grantor or vendor and if equivalent monetary value were given therefor, the transfer is free from the imposition of a tax. If, on the other hand, they passed by will, the tax was properly imposed. This would be true even on the assumption that the separation agreement is supported by adequate consideration. We cannot doubt that the transfer was by will. In its essence, this case does not differ from the principle in *Matter of Kidd*. It is true that this testator, unlike Kidd, discharged the obligations of his agreement, but, if he had refused or neglected to observe them, equity would have enforced them. Like Kidd, he did not contract to convey; he contracted to make a will in favor of his wife and adopted son. These two cases are similar in the element of uncertainty. Neither recognized the existence of any specific debt. Each agreed to devise or bequeath by will a proportion of his estate, provided he possessed one. Each was free, in the absence of fraud, to consume his entire substance in living expenses or by speculation. Howell's contract to make a will transferring his property by such an instrument has been faithfully kept. The transfer was by the method defined in subdivision 1 of section 220 and is subject to taxation in pursuance of its provisions.

The order of the Appellate Division should be reversed and that of the Surrogate's Court affirmed, with costs to the appellant in the Appellate Division and in this court payable out of the estate.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Ordered accordingly.