In the Matter of the Estate of GIULIO GINEVRINI, Deceased.

Surrogate's Court, Bronx County, July 7, 1931.

*Joseph B. Finkelstein*, for the executrix.

*Edgar Hirschberg*, for the State Tax Commissioner.

HENDERSON, S. The executrix appeals from the order fixing the transfer tax upon the estate of the decedent who died August 14, 1929, and from the report of the appraiser upon which such order was based on two grounds.

As to the first ground I find that the evidence taken before the appraiser warrants his disallowance of the claim of John Ferrari in the sum of $5,000 as a deduction from the gross value of the estate. It appears that the decedent borrowed upwards of $5,000 from John Ferrari under an agreement to repay such loan by devising the real estate, for the improvement of which this borrowed money was used, to the wife of the lender. The decedent kept his contract, and his will, devising and bequeathing all his estate to the wife of said John Ferrari and naming her as the sole executrix thereof, has been admitted to probate. I hold that such testamentary transfer was made and accepted pursuant to such agreement and in payment of decedent's debt, and is taxable. (Tax Law, § 220, subds. 1, 2, as amd. by Laws of 1928, chap. 330; *Matter of Howell*, 255 N. Y. 211, 217.) (See, also, *Matter of Gould*, 156 N. Y. 423, 427, construing similar language concerning a transfer by will in an earlier statute.)

No evidence was submitted as to the administration expenses, a reduction from the claimed amount of which furnishes the second ground of appeal. They were not itemized, and in view of the fact that the gross estate consists of only one parcel of improved realty, the equity in which is appraised at $10,000, I find that the appraiser was justified in reducing the amount to be deducted for administration expenses from $1,000, as claimed in Schedule L, to the sum of $700.

The appeal is, therefore, dismissed and the order affirmed. Settle order accordingly.