. SHEPPARD, State Comptroller, et al., v.
DESMOND.
No. 9384.

Court of Civil Appeals of Texas. Austin.
March 10, 1943.

Judgment Reformed March 24, 1943.

Gerald C. Mann, Atty. Gen., and Walter R. Koch, Asst. Atty. Gen., for appellants.

Yelderman & Yelderman, of Austin, for appellee.

BLAIR, Justice.

Appellee, Bob Desmond, sued appellants, George H. Sheppard, State Comptroller, Jesse James, State Treasurer, and Gerald C. Mann, Attorney General, to recover $334.90, paid under protest as inheritance taxes due by him as devisee of certain real estate under the will of H. Glass, de-

ceased; and recovered judgment as prayed.

The property was devised to appellee pursuant to an oral contract made with testator during his lifetime whereby he agreed to devise the property to appellee in consideration of appellee's services in living with and caring for testator for the remainder of his life. The contract was fully performed by both parties. The will transferring the property to appellee was duly probated by him after the death of testator.

The sole question presented is whether the transfer of specific property by will is subject to the inheritance tax imposed by Arts. 7117 and 7125, R.S.1925, as amended, Vernon's Ann.Civ.St. arts. 7117, 7125, even though such devise is made pursuant to a contract with the testator upon adequate consideration.

The material portions of the statutes involved read:

"Art. 7117. All property within the jurisdiction of this State, real or personal, corporate or incorporate, and any interest therein, * * * which shall pass absolutely or in trust by will or by the laws of descent or distribution of this or any other State, or by deed, grant, sale, or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor, shall, upon passing to or for the use of any person, corporation, or association, be subject to a tax for the benefit of the State's General Revenue Fund, * * *."

"Art. 7125. The only deductions permissible under this Law are the debts due by the estate, funeral expenses, expenses incident to the last illness of the deceased, which shall be due and unpaid at the time of death, all Federal, State, County, and Municipal taxes due at the time of death of the decedent, attorney's fees and Court costs accruing in connection with the assessing and collecting of the taxes provided for under this Chapter, * * *."

The taxing act has been twice amended since 1925, once by Acts 1929, 41st Leg. 1st C.S., p. 109, Ch. 50, Sec. 1; and second by Acts 1939, 46th Leg., H.B. 990, p. 646, Sec. 1. These amendments tax certain insurance benefits and added the following language: "Any transfer made by a grantor, vendor, or donor, whether by deed, grant, sale, or gift, shall, unless shown to the contrary, be deemed to have been made in contemplation of death and subject to the same tax as herein provided, if such transfer is made within two (2) years prior to the death of the grantor, vendor, or donor, of a material part of his estate, or if the transfer made within such period is in the nature of a final distribution of property and without adequate valuable consideration."

The trial court held that a devise or transfer of property by will pursuant to a contract with testator upon adequate consideration was not subject to these inheritance tax statutes. We think the Legislature intended by the statutes to impose the tax on the transfer of specific property by will, even though such devise or transfer is made pursuant to a contract with testator upon adequate consideration.

We find no language in the statutes quoted which would sustain the view of the trial court and the contention of appellee that the Legislature intended to tax only that which passed or was transferred without consideration. The quoted language of the amendments relates to transfers inter vivos made prior to the death of grantor, vendor, or donor and made in contemplation of death, which transfers, except as specified in the amendments, are subject to the same tax as transfers by will or other transfers under Art. 7117. The quoted amendments do not limit the transfers on which the inheritance tax is imposed, but extend and add thereto a tax in the same amount on transfers inter vivos, or those made in contemplation of death. Art. 7125 provides for "the only deductions permissible under this Law," and makes no distinction or exception between transfers by will whether with or without consideration.

No Texas case is cited or found which construes Art. 7117, as amended, as to whether a transfer by will for consideration or pursuant to contract is taxable, but the great weight of authority of sister states construing like or entirely similar statutes hold that such a transfer is taxable.

In 28 Am.Jur. 71-72, § 117, the general rule is stated as follows: "Transfer by Will for Consideration or Pursuant to Contract.—While there is some conflict in the decisions, the general rule appears to be that the statutory exception in favor of transfers for a valuable consideration applies only to transfers made in the lifetime of the deceased, and has no application to transfers by will; such transfers

are taxable whether they are voluntary or for a consideration. The tax law includes cases where property, or an interest therein, passes by will in performance of an obligation resting upon the testator to devise or bequeath the property in question, as well as those where the legacy is given in payment of a debt. If a creditor of the decedent, given a legacy in satisfaction of his claim, wishes to avoid the tax, he should renounce his legacy and collect his claim as a debt." See cases supporting the text cited in footnote 17; and 7 A.L.R. 1051; 58 A.L.R. 1144; and 99 A.L.R. 949.

In 61 C.J. 1652, § 2452b, the general rule is stated to be: "It is usually recognized that where decedent disposes of property by will, pursuant to a contract, providing for such disposition, a tax is payable, where, for example * * * deceased made testamentary provision for a person as compensation for services rendered or for care and maintenance furnished deceased. * * *"

No useful purpose can be served by an analysis of the cases establishing the general rule that statutes like or similar to ours impose the tax where the transfer is by will, whether with or without consideration. Some of the cases so holding are Carter v. Craig, 77 N.H. 200, 90 A. 598, 52 L.R.A.,N.S., 211, Ann.Cas.1914D, 1179; Clarke v. Treasurer, 226 Mass. 301, 115 N.E. 416, L.R.A.1917D, 800; State v. Mollier, 96 Kan. 514, 152 P. 771, L.R.A. 1916C, 551; Daum v. Inheritance Tax Comm., 135 Kan. 210, 9 P.2d 992, overruling Nelson v. Schoonover, 89 Kan. 779, 132 P. 1183; Re Grogan's Estate, 63 Cal. App. 536, 219 P. 87; Re Oppenheimer's Estate, 75 Mont. 186, 243 P. 589, 44 A.L.R. 1470. Considerable conflict is shown in the New York decisions as shown by the cases of In Matter of Vanderbilt's Estate, 184 App.Div. 661, 172 N.Y.S. 511, and In re Howell's Estate, 255 N.Y. 211, 174 N.E. 457; but in Re Gould's Estate, 156 N.Y. 423, 51 N.E. 287, the court followed the general rule that any transfer by will was taxable whether it was voluntary or for a consideration. For cases in conflict see 7 A.L.R. 1051; 58 A.L.R. 1144, and 99 A.L.R. 949; Re Cole's Estate, 235 N.Y. 48, 138 N.E. 733; Re Hubbs' Estate, 41 Ariz. 466, 19 P.2d 672; and Re Kraft's Estate, 103 N.J.Eq. 543, 143 A. 764. Other cases holding that transfer made in pay-

ment of liquidated debts or the transfer of property equivalent to what devisee would receive under the laws of descent are not in point. Jones v. State, Tex. Com.App., 5 S.W.2d 973.

We are of the view that the plain and unambiguous language of Art. 7117 imposes the tax on all transfers by will, whether with or without consideration. In consequence the judgment of the trial court is reversed and judgment is here rendered that appellee take nothing by his suit to recover the inheritance tax herein paid under protest.

Reversed and rendered.