[No. 35093.    Department Two.    June 30, 1960.]

*In the Matter of the Estate of* PAUL S. BIRKELAND, *Deceased.*[1]

[1]Reported in 353 P. (2d) 667.

*The Attorney General* and *John W. Riley, Assistant,* for appellant.

*Wright, Innis, Simon & Todd* (*Roger L. Williams,* of counsel), for respondent.

FOSTER, J.—The state tax commission appeals from an order fixing the appraised valuation of decedent Paul S. Birkeland's undivided one-third interest in a partnership for state inheritance tax purposes.

The original articles of partnership, dated January 12, 1944, required any one of the partners desirous of transferring or selling his interest to give the other partners a right of first refusal on the most favorable price and terms offered. A supplemental agreement, dated May 27, 1950, provided that the widow of a deceased partner should have the right to retain her community interest in the partnership and to acquire her deceased husband's interest by purchase at book value.

In November, 1957, Paul S. Birkeland died, survived by his two partners and his wife. The widow exercised her right to purchase her husband's partnership share pursuant to the 1950 supplemental agreement. The book value of the partnership interest plus one third of the cash on hand totaled $19,532.10, which the widow paid to the estate, whereupon the partnership interest was conveyed to her.

The tax commission assigns error to the conclusion that the supplemental partnership agreement giving the surviving spouse first option to buy the decedent's interest at book value "was a valid, binding agreement entered into for business purposes, for an adequate and full consideration in money or money's worth, and without intention to evade taxes or to make any testamentary provision." Error is likewise assigned to the conclusion that the value of the partnership interest for inheritance tax purposes was fixed by the *ante-mortem* agreement at $19,532.10, the price paid.

RCW 83.16.010[2] sets the valuation of property passing by death at its fair market value on the day of the owner's death. Appellant claims that the measure of value is the fair market value of the property to the legatees, while the respondent administrator contends that the fair market value to the estate is the proper measure. The nature of the Washington state inheritance tax compels agreement with appellant.

This state has an inheritance tax as opposed to an estate tax such as prevails in the Federal system and New York. Our tax is an excise, laid upon the privilege of receiving property by inheritance. *In re Plasterer's Estate,* 49 Wn. (2d) 339, 301 P. (2d) 539. The tax is borne by the successor. *In re Ferguson's Estate,* 113 Wash. 598, 194 Pac. 771, 13 A. L. R. 122; *In re Corbin's Estate,* 107 Wash. 424, 181 Pac. 910, 7 A. L. R. 685; *In re Lotzgesell's Estate,* 62 Wash. 352, 113 Pac. 1105. By RCW 83.52.010, the personal representative of the estate is responsible for payment of the tax and payment is a prerequisite to a decree of distribution. Consequently, the valuation of the property for tax computation must precede distribution. But, nevertheless,

---

[2]"All real estate and the improvements thereon, of the estate of a deceased person, for the purposes of computing the inheritance tax, shall be valued and appraised at the fair market value thereof on the day of the death of the decedent owner thereof and subsequent sale shall not affect the value so used. The executor, administrator or trustee in preparing the inventory in all probate cases, shall insert at the right of each real estate tract, the assessed valuation of such tract and of the improvements thereon for the information of the appraisers and other interested parties." RCW 83.16.010.

essentially the tax comes from the legatee's pocket. It is not the decedent's estate that is taxed, but those who succeed to it. The tax is computed with reference to the value of the inherited property, but this is not a tax on the property itself. The value of the property is the measure, but the incidence of tax is the transfer laid on the person who receives it for his privilege to do so. *In re Lloyd's Estate,* 53 Wn. (2d) 196, 332 P. (2d) 44; *Seattle-First Nat. Bank v. Macomber,* 32 Wn. (2d) 696, 203 P. (2d) 1078.

On the other hand, the federal estate tax and state taxes modeled thereon are different. Chief Justice Taft explained for the United States supreme court in *Y. M. C. A. v. Davis,* 264 U. S. 47, 68 L. Ed. 558, 44 S. Ct. 291, as follows:

" . . . It was not a tax upon succession and receipt of benefits under the law or the will. It was death duties as distinguished from a legacy or succession tax. What this law taxes is not the interest to which the legatees and devisees succeeded on death, but the interest which ceased by reason of the death."

Such a tax is on the estate itself, and it is the value of the property to the estate that is the basis for valuation.

Here, where the tax is upon the privilege of succession, the tax is upon the legatee, and it is the property's value to him that is the basis for valuation.

██ The fact that RCW 83.16.010 states that "All real estate and the improvements thereon, of the estate . . . shall be valued and appraised . . ." makes no difference. The words "All real estate and the improvements thereon, *of the estate*" have no connection with the referent of valuation, but are only descriptive and administrative. All of the decedent's nonexempt property to which other persons succeed and comprising the estate is to be the basis for taxation, and, therefore, "All real estate and the improvements thereon, of the estate" is to be appraised for tax purposes. Further, the statute provides that the property is not to be distributed until the tax is paid, and, therefore, the valuation is made and the tax paid prior to distribution. Such are the functions of the statute. The statute does not,

nor does it purport to, set forth the referent of the fair market value appraisement.

■ The *ante-mortem* partnership agreement presently considered fixed the value of the decedent's partnership interest *to his estate,* but did not purport to affect the value of the interest to any recipient thereof. Only such matters as affect the value of the property to the legatees are relevant to inheritance tax appraisal. The supplemental agreement is not.[3]

■ There can be no doubt that the general disposition by will, or by law in case of intestacy, of the partnership interest or the proceeds of sale thereof is subject to the inheritance tax, and that the person receiving the proceeds is to be taxed on the value received, here $19,532.10.[4] However, the major question is whether the transfer of the rest of the value of the partnership interest is subject to the inheritance tax. If so, the total market value of the partnership interest is the incident of taxation, although taxed separately according to the schedule prescribed for different classes of legatees in RCW 83.08.[5] While in practice the valuation may be arrived at with reference to the fair market value of the total item, the taxation must be on the

---

[3]The agreements purported to bind only the existent three partners.

It is undisputed that the three partners bound by the agreements are Paul and Rasmus Birkeland and Emil Carlson. Mrs. Birkeland signed the agreements only in her community capacity. There is no claim that Mrs. Birkeland is bound, in her separate capacity as a new partner, by the former agreements respecting a granting of the right of first refusal. She may ratify such provision, but that would not affect her status with respect to the value of the property on the day of decedent's death.

[4]The will has not been made part of the record. It is possible that the decedent died intestate. In any case, the provisions of general disposition are not before us. The widow might have succeeded to this amount, or it might have passed to another. The important thing is that the proper principle be applied to whatever situation there might be.

[5]Of course, if the widow received the total, one part by general disposition, the other by the *ante-mortem* contract, and both transfers were subject to the inheritance tax, then the tax need not be computed separately as to each transfer, but may be computed on the total amount she received. If there were different legatees receiving the different parts of the property, then the schedule must apply.

value of the property passing to each of the successors.

Is the transfer of the partnership interest, or a part thereof, at book value subject to the inheritance tax? If so, what is the fair market value of the inheritance thus received?

RCW 83.04.060 provides that any transfer without full and adequate consideration, the possession or enjoyment of which is to be effectuated at a time determinable solely by reference to the transferor's death, is to be subject to the inheritance tax. In the instant case, the wife was given an option, arising at her husband's death, to purchase his one-third partnership interest at book value. There is no question but that the transfer was to be effectuated at a time solely referable to the death of the transferor.

The statute specifically excludes transfers made with adequate supporting consideration. Respondent administrator contends, and the trial judge agreed, that there was adequate consideration to support the *ante-mortem* agreement. Indeed there was, but that is not decisive. The surviving partners might have benefited financially, but we do not decide whether any benefit they might have received would have been subject to the inheritance tax. The widow was given the right, which she exercised, to acquire the partnership interest. The widow's rights under the contract were that of a third-party beneficiary, the partners having agreed to provide her the benefit.

But the consideration flowing between the partners has no effect on the character of the transfer to the widow. There was no consideration flowing from her for a portion of the property transferred, and to that extent she was a donee-beneficiary of the third-party contract. 1 Restatement, Contracts, 151, § 133. She did not receive the entire value of the one-third partnership interest as a gift; her right under the agreement was to purchase at book value. However, whatever the one-third interest was worth above book value passed as a gift to her under the partnership agreement.

This state's inheritance tax is upon the privilege of receiving a transfer in the nature of a gift effectuated by

another's death. The fact that there were promises between others validating it does not change its character from a gift to another type of transfer.

RCW 83.04.060 covers transfers if the consideration is not full and adequate. The consideration must fully reflect the value of the transferred property. The decedent's widow paid $19,532.10 book value for the partnership interest, which, neither party disputes, is worth at the least upwards of sixty-five thousand dollars. She paid nothing for the excess. Thus, the excess of the fair market value above the book value was received by her as a gift within the contemplation of the statute, and is subject to the inheritance tax. *In re Deutz's Estate*, 105 N. J. Eq. 671, 149 Atl. 257; *Schroeder v. Zink*, 4 N. J. 1, 71 A. (2d) 321; *In re Galewitz's Estate*, 3 App. Div. (2d) 280, 160 N. Y. S. (2d) 564.

■ The fact that the decedent's widow succeeded to an option right rather than an immediate right to the property makes no difference. Her right to exercise the option to acquire the property became effective at decedent's death. Admittedly, she need not have exercised the option, in which event she would not have received a taxable legacy, but the fact is that she did exercise the option and thereby received a legacy.

The interval between the death and the exercise of the option is immaterial; the right to its exercise arose at her husband's death.

As this court stated in *In re Gaudette's Estate*, 165 Wash. 412, 5 P. (2d) 503, and approved in *In re Ellis' Estate*, 169 Wash. 581, 14 P. (2d) 37, 86 A. L. R. 734:

" . . . Whether the property passes by will or under a contract, makes no difference. The determinative factor is whether the transfer of the property is to take effect in possession or enjoyment after the death of the transferor."

The court, in the *Gaudette* case, *supra*, quoted from *Crocker v. Shaw*, 174 Mass. 266, 54 N. E. 549:

" 'We see no difference in principle between property passing by deed intended to take effect in possession or enjoyment on the death of the grantor and property passing by will. In either case it is the privilege of disposing of

property after death of the grantor or testator and of succeeding to it which is taxed, though the amount of the tax is determined by the value of the property. . . .' "

The appraisal should reflect the fair market value of the entire one-third interest, but the levy should recognize the classification of the legatee or legatees, and should conform to the schedule in RCW 83.08.

The trial court made alternative findings of fact as to the value of the partnership interest should this court decide that the *ante-mortem* agreement does not control the inheritance tax valuation. The appellant has assigned error to these findings on the ground that they are not supported by substantial evidence. However, the record discloses substantial supporting evidence.

The cause is remanded to the trial court with instructions to vacate the present order and enter the alternative findings and an order consistent therewith.

Neither party will recover costs.

WEAVER, C. J., HILL, FINLEY, and ROSELLINI, JJ., concur.