[No. 38276. Department One. September 29, 1966.]

*In the Matter of the Estate of* VIRGINIA C. PATTEN, *Deceased.* VIRGINIA PATTEN SPROULE *et al., as Executors, Appellants,* v. CHARLES W. HODDE, *Respondent.**

*Short, Cressman & Cable, Kenneth P. Short,* and *(Joan E. Hansen,* of counsel), for appellants.

*Reported in 419 P.2d 157.

*The Attorney General, Henry W. Wager* and *James A. Furber, Assistants,* for respondent.

WEAVER, J.—The executors of the estate of Virginia C. Patten, deceased, appeal from a judgment overruling their objections to the findings of the Supervisor of Inheritance Tax and Escheat Division of the State Tax Commission.

The controversy was presented to the trial court on stipulated facts.

Hudson T. Patten and Virginia C. Patten, the decedent, were husband and wife. February 3, 1956, Mr. Patten executed a last will and testament wherein, among other things, he bequeathed the residue of his property in trust for certain of his children and grandchildren. He bequeathed the income of the trust to his wife for life. The trust assets included his separate property and his share of the community property except the family home and personal effects which he willed to his wife.

The same day Mrs. Patten executed an agreement which was attached to her husband's will. Her agreement provided that upon the death of her husband she would transfer her interest in the community property to the trust created by her husband's will providing it remained unchanged. She also reserved the right to change the time and amount of distribution among the beneficiaries named in her husband's will.

February 21, 1957, Hudson Patten died. His will was probated and, pursuant to its terms, a trust was established with the Pacific National Bank as trustee.

July 22, 1958, Virginia Patten, in accordance with her agreement, transferred by assignment her interest in the community property to the trust. The assignment provided that her reserved right to change the time and amount of distribution among the beneficiaries named in her husband's will could be exercised only by written instrument on file with the trustee in its trust department at the time of her death.

July 22, 1958 and June 15, 1960, Mrs. Patten sent letters to the trustee changing the amount of distribution among

the beneficiaries. The net income from the assets placed in trust by Mr. and Mrs. Patten was periodically paid to her until her death on March 8, 1963. Mrs. Patten died testate. Upon her death and the expiration of her life estate in the trust, Mr. Patten's share of the community passed to his heirs according to his trust. Mrs. Patten had exercised the reserved right of disposition by her letter of designation of June 15, 1960 and made it effective by her will.

Her executors filed an inheritance tax return listing the full value of her community one-half interest in the trust as $122,372.48. They deducted from this amount the value of the life estate decedent received from her husband's property as consideration for her transfer. The value of the life estate was stipulated to be $59,595.40. The propriety of this deduction is the subject of this litigation between the executors and the tax supervisor.

The computation was made on the theory that the transfer of property by decedent to her husband's trust was a transfer for consideration to the extent of the value of the life estate she received in his property.

The tax supervisor contends (1) that the transfer to decedent's children was made by her will or other testamentary disposition unaffected in any material manner by any agreement she may have had with her husband; and (2) the consideration, if any, was not paid by the children, and should not be deducted from the measure of the tax they are obligated to pay.

Concluding that the basis for the valuation is the value of the property to the legatees, the trial court sustained the tax supervisor's objections to the deduction. This resulted in an additional tax of $4,153.03 against the estate.

The four errors assigned by the executors involve but one legal question: whether the value of the life estate received by decedent can be deducted, for inheritance tax purposes, from the value of the assets decedent contributed to the trust.

The statute which imposes the inheritance tax, RCW 83.04.010, reads:

All property within the jurisdiction of this state, and

any interest therein, whether belonging to the inhabitants of this state or not, and whether tangible or intangible, which shall pass

(1) *by will* or by the statutes of inheritance of this or any other state or

(2) by deed, grant, sale, contract or gift made in contemplation of the death of the grantor, or donor, or

(3) by deed, grant or sale, contract or gift made or intended to take effect in possession or in enjoyment after death of the grantor, or donor, to any person in trust or otherwise, or

(4) *by a transfer in trust* or otherwise, *under which the grantor or donor has retained for his life* or for any period not ascertainable without reference to his death, or for any period which does not in fact end before his death, the possession or enjoyment of any part of the property, or *the right to all or any part of the income from the property, or the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom shall,* for the use of the state, *be subject to a tax as provided for in chapter 83.08 measured by the full value of the entire property after deduction of the amounts allowable under RCW 83.04.013.* (Italics ours.) (RCW 83.04.013 has no application to this case.)

We believe that the decision of the trial court can be affirmed by virtue of either RCW 83.04.010 (1) or (4), *supra.*

 Our recent decision in *In re Birkeland's Estate,* 56 Wn.2d 441, 353 P.2d 667 (1960), is dispositive of the issue before us. Therein the court said:

This state has an inheritance tax as opposed to an estate tax such as prevails in the Federal system and New York. Our tax is an excise, laid upon the privilege of receiving property by inheritance. [Citing authority.] The tax is borne by the successor. [Citing authorities.] By RCW 83.52.010, the personal representative of the estate is responsible for payment of the tax and payment is a prerequisite to a decree of distribution. Consequently, the valuation of the property for tax computation must precede distribution. But, nevertheless, essentially the tax comes from the legatee's pocket. It is not the decedent's estate that is taxed, but those who succeed to it. The tax is computed with reference to the value of the inherited property, but this is not a tax on the property itself.

The value of the property is the measure, but the incidence of tax is the transfer laid on the person who receives it for his privilege to do so. [Citing authorities.]

On the other hand, the federal estate tax and state taxes modeled thereon are different.

. . . .

Such a tax is on the estate itself, and it is the value of the property to the estate that is the basis for valuation.

Here, where the tax is upon the privilege of succession, the tax is upon the legatee, *and it is the property's value to him that is the basis for valuation.* (Italics ours.)

With this distinction in mind, we adopt a portion of the trial judge's well-considered memorandum opinion in which he said:

Applying the foregoing guidelines [of *In re Birkeland's Estate, supra*] it becomes apparent that the assumed contract between the deceased and her husband, no matter what effect it had upon their interest in their respective estates as between themselves or their representatives, *did not determine the value of the interest of the recipients of her estate.* Here, with the taxes upon the legatees, it is the property's value to them that is the basis for the valuation. They have paid no consideration and no taxes for which they are entitled to a set-off or exclusion.

The principle enunciated in *In re Gaudette's Estate,* 165 Wash. 412, 5 P.2d 503, is reaffirmed in *Birkeland's Estate, supra,* the court saying on page 447:

"As this court stated in *In re Gaudette's Estate,* 165 Wash. 412, 5 P.2d 503, and approved in *In re Ellis' Estate,* 169 Wash. 581, 14 P.2d 37, 86 A.L.R. 734:

" ' . . . Whether the property passes by will or under a contract, makes no difference. The determinative factor is whether the transfer of the property is to take effect in possession or enjoyment after the death of the transferor.' " (Italics ours.)

Further, the tax can also be sustained under RCW 83.04-.010 (4), *supra,* as a transfer in trust under which the transferor retains a life estate and the right, either alone or in conjunction with another person, to designate those who will possess the property on the death of the transferor when the property passes to the beneficiaries.

The tax is on the legatees or beneficiaries for the privilege

of receiving property upon the death of decedent, the transferor. "The value of the property is the measure, but the incidence of tax is the transfer laid on the person who receives it for his privilege to do so." *In re Birkeland's Estate, supra.*

The judgment is affirmed.

ROSELLINI, C. J., OTT, HUNTER, and HALE, JJ., concur.