112 N.J. Super. 419 (1970)
271 A.2d 602
THOMAS W. KELLY, AS EXECUTOR OF THE ESTATE OF THORNTON C. LAND, TAXPAYER-APPELLANT,
v.
SIDNEY GLASER, ACTING DIRECTOR, DIVISION OF TAXATION, DEPARTMENT OF THE TREASURY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 16, 1970.
Decided December 3, 1970.
*420 Before Judges CONFORD, KOLOVSKY and CARTON.
Mr. Thomas W. Kelly, as executor of the estate of Thornton C. Land, pro se, admitted pro hac vice, argued the cause for appellant.
Mr. Herbert K. Glickman, Deputy Attorney General, argued the cause for respondent (Mr. George F. Kugler, Jr., Attorney General, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
The opinion of the court was delivered by CONFORD, P.J.A.D.
We have here for review the validity of a determination of the Transfer Inheritance Tax Bureau of the Division of Taxation subjecting to transfer inheritance tax under N.J.S.A. 54:34-1(a) a bequest by Thornton C. Land of one-fourth of his adjusted gross estate to Margaret *421 McCampbell, his former wife, pursuant to a separation agreement executed between them during his lifetime. He died testate May 13, 1965, a New Jersey resident.
Land and Mrs. McCampbell were married in 1933. They entered into a separation agreement in 1958 in connection with a contemplated divorce, which ensued shortly thereafter. For present purposes the pertinent provisions of the agreement may be briefly summarized as follows: The husband agreed simultaneously to execute a will bequeathing to the wife, subject only to her surviving him, certain interests in his estate, the amount thereof depending upon the contingency of her remarriage after their divorce. Upon the occurrence of that event the bequest would be the greater of (1) one-fourth of the adjusted gross estate, as defined in the federal tax code, or (2) the sum of $25,000. Should the wife for any reason not receive the bequest on the husband's death, she would have a valid claim against the estate for the stated amount prior to other legacies. The agreement was expressly incorporated by reference into a Nevada decree of divorce between the parties.
Mrs. McCampbell remarried prior to Land's death and survived him. Land's last will contained a bequest to Mrs. McCampbell in the tenor agreed upon, and the will recites that the bequest is made pursuant to the agreement. The amount payable to Mrs. McCampbell under the will is $260,420.09, which the Bureau has subjected to transfer tax, pursuant to the section cited above, as property "transferred by will * * * from a resident of this State."
The executor of Land's estate attacks the determination of the Bureau, primarily on the theory that the "taxable event" under the statute is "the transfer of the right to property itself." It is argued that the legatee's "right of succession" to the property originated in the divorce decree (or agreement) and not in the will, and the mere fact that decedent chose to perform by bequest an obligation for which his estate would have been liable in any event should not render the transfer taxable. The State argues, to the contrary, *422 that it is of no consequence whether, absent the will provision, Mrs. McCampbell would have had an enforcible claim against the estate, without liability for inheritance tax. Here a testamentary provision was not only bargained for, but was executed and became the vehicle for transfer of the interest in the estate to the legatee. In such a case, says the State, the unambiguous mandate of the statute must take effect and subject the transfer to the tax.
There is no New Jersey decision directly in point. The closest expression is that found in Bente v. Bugbee, 103 N.J.L. 608 (E. & A. 1927). There testator promised to bequeath $15,000 to the taxpayer should she take him into her home for life. He died without honoring his promise, and the taxpayer recovered a judgment against his estate for the stated sum. The court held the judgment or its proceeds was not subject to inheritance tax. The claim was that of a creditor and was a deductible debt for inheritance tax purposes. The court distinguished cases from other jurisdictions where decedent kept his promise by executing a will "and the attempt was to escape the act on the theory that the testamentary provision was not donative in character" (103 N.J.L. at 612). It quoted from one of them as follows:
"The statute here does not provide for a tax because some one has a right arising out of a debt or otherwise, but only when a transfer of property is brought about by means of a will is a tax imposed. It is a tax upon the vehicle carrying the right, rather than a tax upon the right itself. It is in effect a declaration of law that when a will is used as a means of conveyance of property, a tax must be paid for that privilege." [at 612-613]
The Court of Errors and Appeals went on to say (at 613):
We are not concerned at this time with the question whether, if Steinberg's will had contained in unimpaired form the bequest in fulfillment of his contract, that bequest would be taxable. The cases just cited so hold; but that point is not before us. What is before us is a repudiated promise, and a recovery, not in equity, but at law, on account thereof. [at 613]
*423 The foregoing seems to imply approval of the rule set forth in the excerpt quoted by the court as to cases where the decedent honors his promise by making the will agreed upon. Essentially in accord with the holding in Bente v. Bugbee was that of this court in Sullivan v. Margetts, 9 N.J. Super. 189 (App. Div. 1950).
The basic issue before us here has been fought out in other jurisdictions, and a probable majority of the states hold that where the decedent honors his agreement, frequently of an intra-familial nature, to make a testamentary provision for others, the interest transferred is taxable under statutes like ours as passing by the will. In re Howell's Estate, 255 N.Y. 211, 174 N.E. 457 (Ct. App. 1931); Clarke v. Treasurer and Receiver General, 226 Mass. 301, 115 N.E. 416 (Sup. Jud. Ct. 1917); State v. Mollier, 96 Kan. 514, 152 P. 771 (Sup. Ct. 1915); Carter v. Craig, 77 N.H. 200, 90 A. 598 (Sup. Ct. 1914); Sheppard v. Desmond, 169 S.W.2d 788 (Tex. Civ. App. 1943); Krug v. Douglas County, 114 Neb. 517, 208 N.W. 665 (Sup. Ct. 1926). Contra: In re Estate of Vai, 65 Cal.2d 144, 52 Cal. Rptr. 705, 417 P.2d 161 (Sup. Ct. 1966; over dissent by Traynor, C.J.); In re Johnson's Estate, 389 Ill. 425, 59 N.E.2d 825 (Sup. Ct. 1945); cf. In re Neller's Estate, 356 Pa. 628, 53 A.2d 122 (Sup. Ct. 1947; by a 4-3 vote, over a vigorous dissent). See Annotation 157 A.L.R. 964 (1945).
The minority viewpoint rests on the philosophy that the mere fact that a testamentary disposition is used to satisfy what is essentially a contractual liability or debt owing by the decedent should not derogate from the normal exemption of creditors' claims from inheritance tax via the deduction-for-debt provisions usually found in the statutes (as in N.J.S.A. 54:34-5(a)). However, the interest of Mrs. McCampbell in the present estate is not that of a creditor in the ordinary sense. She had only a contingent interest until the event of her actual survivorship of the decedent. She contracted for satisfaction of her marital right of future *424 support by the decedent by a testamentary provision in his will, and he did not breach that contract. She must be deemed to have done so with constructive knowledge of the statutory tax on transfers by will, and of the fact that the statutory language is not qualified in the case of transfers by will supported by consideration.
We need not, to decide this case, go so far as to sweepingly declare that every instance in which the will is literally the "vehicle" (see Bente v. Bugbee, supra, 103 N.J.L. at 612) of transfer of an interest in the estate necessarily activates a tax under N.J.S.A. 54:34-1(a). For example, that statutory provision must be read in pari materia with N.J.S.A. 54:34-5(a), allowing as a deduction from the value of property transferred, "debts of the decedent owing at the date of death." Thus, obviously, a provision in the will calling, as customary, for payment of the debts of the decedent would not automatically render payment thereof a transfer by will taxable under S. 54:34-1(a). To so conclude would defeat the intent of the section on deductions for debt. See Koeffler's Will, 218 Wis. 560, 260 N.W. 638, 261 N.W. 711, 99 A.L.R. 944, 948 (Sup. Ct. 1935). Other perhaps troublesome hypotheticals can be envisioned which will have to await adjudication as they arise.
We confine our holding to the precise facts of the case before us. We regard this particular transfer as falling within the legislative intent as to transfers contemplated for taxation because the parties contracted for precisely such a transfer, the contract was performed by execution of an effective will, and the transferee had no absolute claim against the estate until the decedent's death and her survival, and even then was entitled only to payment under the will, not to satisfaction of a general claim against the estate for nonperformance of contract.
Appellant makes the purported alternative claim that the amount of the bequest in dispute should be allowed as a deductible debt against the estate. However, the projection of the position in this guise is, in effect, to beg the major *425 question discussed above  whether Mrs. McCampbell's interest constitutes a taxable transfer under the will. If it is, as we have held, the tax result cannot be nullified by characterizing the estate's obligation to discharge the bequest as a deductible debt of the decedent.
In view of the foregoing, we need not consider the State's alternative argument that if Mrs. McCampbell's interest was regarded as arising, not under the will, but under the separation agreement and the divorce decree, it would constitute an inter vivos transfer intended to take effect at death, and therefore taxable pursuant to N.J.S.A. 54:34-1(c).
Assessment affirmed.