[No. 52081-0. En Banc. May 8, 1986.]

*In the Matter of the Estate of*
MAMIE W. MCLEOD.

*Gordon, Thomas, Honeywell, Malanca, Peterson & O'Hern,* by *Donald W. Hanford,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *William B. Collins, Assistant,* for respondent.

UTTER, J.—The estate of Mrs. Mamie W. McLeod challenges the Department of Revenue's disallowance of a deduction from the inheritance tax of RCW 83.04.010.[1] The estate argues that the decedent's contractual obligation to

---

[1]The inheritance tax statutes were in effect at the time of Mrs. McLeod's death in 1980. The statutes were repealed by Initiative 402, and do not apply to the estates of individuals who die after January 1, 1982. *See In re Estate of Hitchman,* 100 Wn.2d 464, 670 P.2d 655 (1983). RCW 83.04.010 provides:

> All property within the jurisdiction of this state, and any interest therein, whether belonging to a person domiciled in this state or not, and whether tangible or intangible, which shall pass
>
> (1) by will or by the statutes of inheritance of this or any other state or
>
> (2) by deed, grant, sale, contract or gift made in contemplation of the death of the grantor, or donor, or
>
> (3) by deed, grant or sale, contract or gift made or intended to take effect in possession or in enjoyment after death of the grantor, or donor, to any person in trust or otherwise, . . .
>
> (4) . . . shall, for the use of the state, be subject to a tax as provided for in chapter 83.08 RCW measured by the full value of the entire property after deduction of the amounts allowable under RCW 83.04.013.

bequeath her home is a debt "owing by decedent at the date of death" that is deductible under RCW 83.04.013[2] from the gross value of the estate. The trial court held for the Department of Revenue. We believe the estate's contention is correct and reverse the trial court's ruling.

In March 1957, a married couple, Jesse and Signa Miller, moved in with Mamie McLeod after her husband's death. Mrs. McLeod's husband had been Jesse's guardian as Jesse grew up. When the Millers moved in, Mrs. McLeod was partially paralyzed by a stroke and required constant nursing care. The Millers helped manage and care for the home. Their duties included shopping and supervising the nurses, cleaning woman, and gardener. Jesse also supervised the management of McLeod's assets.

In May 1959, the Millers and McLeod signed an "Agreement." The Millers agreed to live with McLeod and to "render faithful services"; McLeod agreed to pay the Millers $100 a month and to bequeath her house and household goods to the Millers. Plaintiff's exhibit 1.

The Millers continued to live with and care for Mrs. McLeod, and Mrs. McLeod accordingly provided for the Millers in her will. Mrs. McLeod died on June 11, 1980. On October 10 the Millers filed a creditor's claim for the assets. The probate court approved the claim on October 16 and the house and furnishings were transferred to the Millers.

Mrs. McLeod had provided in her will that the estate should pay all inheritance taxes. When the estate filed its inheritance tax return with the Department of Revenue it deducted from the gross value of the estate the value of the house and furnishings transferred to the Millers. The Department disallowed the deduction. Its findings of March

[2]RCW 83.04.013 provides in part:

"The following shall be allowed as deductions from the gross value of the property passing:

"(1) All debts owing by decedent at the date of death: *Provided,* That debts founded upon a promise or agreement shall be allowable only to the extent that they were contracted, bona fide, and for full and adequate consideration in money or money's worth;"

19, 1982, calculated additional tax of $93,980 due ($102,292 with interest).

The estate challenged the Department's disallowance, and the parties went to trial in Pierce County Superior Court before Judge Stone on April 13, 1983. The estate produced one witness, Signa Miller; the Department did not cross-examine her nor did it produce any witnesses. After trial the judge rendered an oral opinion in favor of the Department. He relied on *In re Estate of Gaudette,* 165 Wash. 412, 5 P.2d 503 (1931) to conclude that the Department properly disallowed the deduction because the transfer of the home occurred after the death of Mrs. McLeod. The estate appealed to Division Two of the Court of Appeals, and the case was transferred to this court.

Most jurisdictions—including the federal government—levy some sort of tax on at-death transfers of wealth. Traditionally statutory schemes exempt from this tax sums paid by the estate to satisfy debts of the deceased. For years courts have disagreed how to characterize transfers by will pursuant to a contractual obligation to devise property. *See* 42 Am. Jur. 2d *Inheritance, Estate, and Gift Taxes* § 72 (1969); Annot., *Devise or Bequest Pursuant to Testator's Contractual Obligation as Subject to Estate, Succession, or Inheritance Tax,* 59 A.L.R.3d 969, 986–89 (1974). Some courts characterize such transfers as deductible debts of the estate. *See, e.g., Register of Wills v. Blackway,* 217 Md. 1, 141 A.2d 713 (1958). Others characterize such transfers as taxable testamentary devises. *See, e.g., Carter v. Craig,* 77 N.H. 200, 90 A. 598 (1914). Commentators generally favor exempting such contractual bequests from taxation—but only to the extent the transfers represent nongratuitous compensation for actual services rendered. *See, e.g.,* Note, *Taxability of Testamentary Transfer Made for Adequate Consideration,* 18 Hastings L.J. 440 (1967); Note, *Inheritance Tax: Transfer by Contractual Will Not Taxable,* 51 Minn. L. Rev. 1175 (1967); Note, *State Inheritance Taxation of Nongratuitous Transfers,* 43 N.Y.U. L. Rev. 744 (1968).

In this case the Department argues that the language of *In re Estate of Gaudette, supra,* supports the Department's position that the McLeod–Miller transfer is nondeductible. In *Gaudette,* a woman challenged the levy of an inheritance tax on property and money that she received from the Gaudette estate. The assets were transferred pursuant to a contract by which the woman's father had agreed to sever his parental relations and allow Mrs. Gaudette to raise the daughter. In return, Mrs. Gaudette promised to bequeath a house and $50,000 to the daughter. The daughter argued that the transfer should be exempted from inheritance tax because it was not an inheritance but a nongratuitous transfer supported by consideration. The court disagreed, writing:

> Whether the property passes by will or under a contract, makes no difference. The determinative factor is whether the transfer of the property is to take effect in possession or enjoyment after the death of the transferor.
>
> . . .
>
> "It can make no difference that there was a valid consideration for the contract to transfer the property by will. The imposition of the tax is not limited to property passing gratuitously by will, but extends to 'all property' so passing. . . ."

165 Wash. at 414–16.

The *Gaudette* court thus refused to distinguish between gratuitous and nongratuitous transfers. According to the *Gaudette* court's reasoning, the crucial factor in determining whether a transfer is deductible is the point at which the transfer takes effect. If that point is after the decedent's death, then the transfer is not deductible.

■ More recent Washington decisions undermine the reasoning of *Gaudette.* These decisions support the estate's position that gratuitous and nongratuitous transactions should be distinguished for purposes of the inheritance tax. For example, in *In re Estate of Krueger,* 11 Wn.2d 329, 334, 119 P.2d 312 (1941), this court considered the taxability of a $10,000 check written by the decedent for personal services provided by a couple with whom he lived. The

check provided:

> The National Bank of Commerce of Seattle
> Pay to the order of Carrie Gostina $_____
> After death 10,000.00                    Dollars.
>                       John Krueger.

The court held that the check was deductible as a claim against the estate even though the transfer took effect after the decedent's death. A later decision more clearly relies on a distinction between gratuitous and nongratuitous transfers:

> *This state's inheritance tax is upon the privilege of receiving a transfer in the nature of a gift effectuated by another's death.* The fact that there were promises between others validating it does not change its character from a gift to another type of transfer.
> RCW 83.04.060 [later codified as 83.04.025] covers transfers if the consideration is not full and adequate. The consideration must fully reflect the value of the transferred property. The decedent's widow paid $19,532.10 book value for the partnership interest, which, neither party disputes, is worth at the least upwards of sixty–five thousand dollars. She paid nothing for the excess. Thus, *the excess of the fair market value above the book value was received by her as a gift within the contemplation of the statute, and is subject to the inheritance tax.*

(Italics ours.) *In re Estate of Birkeland,* 56 Wn.2d 441, 446–47, 353 P.2d 667 (1960). This case directly supports the estate's argument that the inheritance tax applies only to gratuitous transfers.

The distinction between gratuitous and nongratuitous transfers of *In re Estate of Birkeland, supra,* provides a reasonable basis for distinguishing between taxable and deductible transfers. The estate of Mamie McLeod should be able to deduct Mrs. McLeod's devise to the Millers to the extent that the devise represents compensation for services actually rendered.

The Department argues that if we conclude that transfers pursuant to contracts to devise can be deductible, then in this case the trial court's finding of fact that the devise

was supported by "full and adequate consideration"[3] is erroneous. The Department argues that no deduction should be allowed because of this erroneous finding.

The Department's argument is not persuasive. At trial the Department failed to produce its own witnesses and failed to cross–examine Mrs. Miller. We agree with the estate that the parties and the trial court had ample opportunity to examine Signa Miller at trial, and that Mrs. Miller provided ample evidence on which the court could base its ruling.

The estate correctly deducted the value of the house and furnishings from the gross value of the estate of Mrs. McLeod. The contractual bequest of the house and furnishings to the Millers qualifies as a nongratuitous transfer that is deductible under RCW 83.04.013. For these reasons, we reverse the ruling of the trial court.

DOLLIVER, C.J., BRACHTENBACH, PEARSON, and DURHAM, JJ., and HAMILTON, J. Pro Tem., concur.

DORE, J. (dissenting)—The majority holds that because the decedent's promise to make a will was supported by adequate consideration the testamentary transfer is not subject to inheritance tax. In so holding, the majority misconstrues both our case law on the subject and the applicable statutes. Therefore, I dissent.

Although there is some division of authority among the states as to whether a transfer by will, executed pursuant to a contract to make a will, is subject to inheritance tax, this question has been settled for more than 50 years in Washington. RCW 83.08.010[4] imposes an inheritance tax on all estates subject to RCW Title 83 at rates set forth in RCW

---

[3]The trial court's finding of fact 6 provides in full that: "The Agreement of May 19, 1959 was a binding obligation between the parties and was contracted for a bona fide and for full and adequate consideration in money's worth." Clerk's Papers, at 30.

[4]RCW 83.08 was repealed by Laws of 1981, 2d Ex. Sess., ch. 7 (effective January 1, 1982).

83.08. The property subject to taxation is set forth in RCW 83.04.010,[5] which in pertinent part provides:

*All property within the jurisdiction of this state,* and any interest therein, whether belonging to a person domiciled in this state or not, and whether tangible or intangible, *which shall pass*
(1) *by will* or by the statutes of inheritance of this or any other state . . .

. . .
(4) . . . *shall,* for the use of the state, *be subject to a tax* as provided for in chapter 83.08 RCW measured by the full value of the entire property after deduction of the amounts allowable under RCW 83.04.013.

(Italics mine.)

RCW 83.04.010 is very clear. Property which passes by will is subject to the tax. Mrs. McLeod left the Millers her house and certain furnishings in her last will and testament. Under the terms of RCW 83.04.010 this property is subject to inheritance tax.

The fact that Mrs. McLeod executed the will pursuant to her contract with the Millers does not shield these assets from taxation. This court in *In re Estate of Gaudette,* 165 Wash. 412, 5 P.2d 503 (1931) ruled that a transfer pursuant to a contract to make a will is subject to inheritance tax. This is true even though the contract is supported by valuable consideration and the bequest is not gratuitous.

Whether the property passes by will or under a contract, makes no difference. The determinative factor is whether the transfer of the property is to take effect in possession or enjoyment after the death of the transferor.

. . .
"It can make no difference that there was a valid consideration for the contract to transfer the property by will. The imposition of the tax is not limited to property passing gratuitously by will, but extends to 'all property' so passing.

*In re Estate of Gaudette,* at 414–16.

---

[5]RCW 83.04 was repealed by Laws of 1981, 2d Ex. Sess., ch. 7 (effective January 1, 1982).

The great majority of courts which have considered statutes nearly identical to Washington's inheritance tax scheme have reached the same result. They have held that a testamentary transfer, otherwise subject to inheritance tax, will not be excluded from the decedent's estate even if made pursuant to a contract supported by full consideration. *See, e.g., Slyder v. District of Columbia,* 187 F.2d 217 (D.C. Cir. 1951); *State v. Mollier,* 96 Kan. 514, 152 P. 771 (1915); *Clarke v. Treasurer & Receiver Gen.,* 226 Mass. 301, 115 N.E. 416 (1917); *State ex rel. Marsh v. Probate Court,* 168 Minn. 508, 210 N.W. 389 (1926); *Carter v. Craig,* 77 N.H. 200, 90 A. 598 (1914); *In re Estate of Gould,* 156 N.Y. 423, 51 N.E. 287 (1898); *Sheppard v. Desmond,* 169 S.W.2d 788 (Tex. Civ. App. 1943). *See also* Note, *Taxability of Testamentary Transfer Made for Adequate Consideration,* 18 Hastings L.J. 440 (1967); Note, *State Inheritance Taxation of Nongratuitous Transfers,* 43 N.Y.U. L. Rev. 744 (1968).

In rejecting *Gaudette* and the rule so clearly stated in RCW 83.04.010, the majority relies on the deductions contained in RCW 83.04.013 and the decisions of *In re Estate of Krueger,* 11 Wn.2d 329, 119 P.2d 312 (1941) and *In re Estate of Birkeland,* 56 Wn.2d 441, 353 P.2d 667 (1960). This reliance is clearly unwarranted.

RCW 83.04.013 provides in part:

The following shall be allowed as deductions from the gross value of the property passing:

(1) All debts owing by decedent at the date of death: *Provided,* That debts founded upon a promise or agreement shall be allowable only to the extent that they were contracted, bona fide, and for full and adequate consideration in money or money's worth;

A contract to make a bequest is simply not a debt owing by the decedent at the date of death. *See Kelly v. Glaser,* 112 N.J. Super. 419, 271 A.2d 602 (1970); *In re Estate of Hitchcock,* 385 Pa. 569, 124 A.2d 360 (1956); *In re Will of Taylor,* 95 N.Y.S.2d 459 (1950).

Rather than casting doubt on the rule stated in *Gau-*

*dette,* this court's decision in *Krueger* reaffirms that rule. In *Krueger* this court distinguished the circumstances giving rise to a deductible debt from those involving a transfer pursuant to a contract to dispose of property by will. The court there was concerned with the taxability of a check payable on the death of the drawer for personal services rendered during his lifetime. This court disagreed with the contention that this transaction was a testamentary disposition:

> With this contention, however, we cannot agree. In the first place, a comparison of the cited cases with the instant case reveals a marked difference not only in facts, but also in legal theory. In the former, action was brought on a contract to make provision by will. . . .
>
> . . .
> The instant case, on the other hand, is one of a contract creditor seeking recovery against the estate for services rendered. Hence, the position of Gostina is no different from any other creditor of the estate. Consequently, the principle announced in *In re Gaudette's Estate, supra,* is not authority here. *It is obvious that there is a marked difference between the payment of a contractual obligation, as an established claim against the estate, and a transfer of property pursuant to a contract to dispose of property by will.*
> Although the indebtedness was not payable until death, still the payment–time element could not change its status from a debt to something either testamentary in character or a device designed to evade the tax statute.

(Some italics mine.) *In re Estate of Krueger,* at 335–36.

This analysis, contrary to the assertion of the majority, clearly supports the position that a contract to devise is not a debt owing by the decedent. Thus, the bequest is not deductible from the value of the estate for inheritance tax purposes.

Moreover, the decision in *Birkeland* does not support the majority's holding, as that case was concerned with a wholly different type of transfer and consequently different statutory provisions governing taxation of the transfer. *Birkeland* involved a transfer of property pursuant to a

partnership agreement providing that the widow of a deceased partner had a right to *purchase* her deceased husband's partnership interest at book value.

RCW 83.04.060 (later codified as 83.04.025) provides that any transfer, "except in the case of a bona fide *sale* for an adequate and full consideration . . .", the possession or enjoyment of which is to be effectuated at a time determinable solely by reference to the transferor's death, is subject to an inheritance tax. (Italics mine). The court held that there was no question but that the transfer was to be effectuated at a time solely referable to the death of the transferor, and would under normal conditions be a taxable transfer. Nonetheless, because the statute specifically excluded sales made with adequate supporting consideration, the court held that to the extent the book value purchase price represented the fair market value of the partnership interest, the sale was exempt from taxation. Any excessive value received in the sales transaction would constitute a gift within the contemplation of the statute, subject to the inheritance tax.

*Birkeland* does not support an argument that an inheritance tax applies only to gratuitous transfers. The exception from inheritance taxation found in RCW 83.04.025 is confined to a bona fide *sale* for an adequate and full consideration.

In the instant action there is no sale of property with the transfer to take effect after death, but a contract to make a will. The Washington inheritance tax scheme contemplates this distinction. The Legislature has made it quite clear that every transfer by will or intestacy is subject to an inheritance tax. Moreover, no exception has been provided for a transfer pursuant to a contract to make a will even if it is supported by adequate and full consideration.

The holding of *In re Estate of Gaudette* has not been undermined by the decisions in *Krueger* and *Birkeland* and clearly controls in this action.

I would affirm the judgment of the trial court disallowing

the deduction for the transfer made pursuant to a contract to make a will.

ANDERSEN and GOODLOE, JJ., concur with DORE, J.