CHARLES J. BROWN & another, administrators with the will annexed, *vs.* MARGARET McLOUGHLIN & others.

Suffolk.   April 2, 1934. — June 4, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Tax*, On succession.   *Will*, Compromise.   *Contract*, Construction.

Where, following the appearance of a decedent's heirs in a probate court to contest a petition for probate of his will, in which he gave the residue to one who was not an heir, an agreement of compromise was made providing that the residue should be divided, one half to the heirs and one half to the residuary legatee; and the contest thereupon was with-

drawn and the will was allowed in its original form, it was proper to levy a succession tax upon the residue computed as it would have been computed had the will been admitted to probate without compromise.

It *was stated* that the personal representative, in the circumstances above described, had no right to pay, out of the half share of the residue to be taken by the heirs, one half of such succession tax unless the agreement of compromise so provided.

Where such agreement of compromise provided that the debts and funeral expenses, certain fees to the parties or their counsel, the legacies other than the residuary legacy and the charges of administration should be paid out of the property of the estate and that the remaining property should be so divided between the heirs and the residuary legatee, .it was to be implied therefrom that the succession tax on the residue, so computed, was also to be paid by the personal representative out of the property of the estate before making the division between the heirs and the residuary legatee, with the result that one half of the tax would be paid out of the share to be taken by the heirs.

PETITION, filed in the Probate Court for the county of Suffolk for the allowance of the substitute first account of the administrators with the will annexed of the estate of Jane E. McLoughlin, late of Boston.

The petition was heard by *Dolan*, J. The agreement of compromise of the decedent's will provided that the following should be paid out of the property of the estate: debts and funeral expenses, certain fees to the parties or their counsel, the legacies other than the residuary legacy and the charges of administration; and that the remaining property should be divided equally between the decedent's heirs and the residuary legatee named in the will. The will was allowed in its original form. Other material facts are stated in the opinion. A decree allowing the account was entered. Certain respondents appealed.

*G. W. Howe*, for the respondents.

*J. Lewiton*, for the petitioners.

LUMMUS, J. The accountants are the administrators with the will annexed of the estate of Jane E. McLoughlin. The will gave the residue of the estate to one Gaffney, who was not one of the heirs. Under an agreement of compromise, made August 13, 1930, a contest of the will was withdrawn, the will was proved, and the residue of the estate was to be divided equally between Gaffney and

the heirs. The State tax upon the succession by will to the residue of the estate (see G. L. [Ter. Ed.] c. 65) was paid by the accountants out of such residue before dividing it. The judge allowed the account, and the heirs appealed, contending that the whole tax should be charged to Gaffney's share.

Even when a compromise of a contest over the admission of a will to probate has been authorized by a court under the statute (G. L. [Ter. Ed.] c. 204, §§ 15–18), upon the probate of the will the title devolves by force of the will, and then is transferred according to the agreement of compromise. *Ellis* v. *Hunt*, 228 Mass. 39. *Copeland* v. *Wheelwright*, 230 Mass. 131. The tax was properly levied upon the gift by will of the whole residue to Gaffney, and at a rate adapted to his relationship or want of relationship to the testatrix. *Baxter* v. *Treasurer & Receiver General*, 209 Mass. 459. Under the statute, the accountants were to deduct the tax from the "property subject to the tax," or collect it from the "legatee or person entitled to said property," or, in the case of real estate, from the "heirs or devisees entitled thereto." G. L. c. 65, § 17. The accountants in this case had no right to pay out of the share transferred to the heirs half of the tax thus made collectible from Gaffney, unless the agreement of compromise expressly or impliedly so provided. *Prescott* v. *St. Luke's Hospital of New Bedford*, 280 Mass. 229, 231.

We think it did so provide by implication. The agreement of compromise called for the deduction of every other charge and expense, including the expense of the contest of the will, before dividing the residue. Every party to the compromise waived "his or her rights with respect to said will and estate" except as provided in the agreement. Since the agreement alone was to be the chart for the division of the estate, it is hardly consistent with the agreement to say that the will should nevertheless determine the ultimate burden of the tax, although it had ceased to have effect upon the ultimate benefit of the inheritance.

*Decree affirmed.*