Strafford Probate Court, } No. 3808.
    Feb. 1, 1949.

In re Estate Abraham Burtman.

*Hughes & Burns* and *Donald R. Bryant* (*Mr. Bryant* orally), for the plaintiff executors.

*Gordon M. Tiffany,* Assistant Attorney-General (by brief and orally), for the defendant State of New Hampshire.

JOHNSTON, J. "All property within the jurisdiction of the state . . . belonging to domiciliaries of the state . . . which shall pass by will, or by the laws regulating intestate succession . . . to any person . . . except . . . the . . . wife . . . shall be subject to a tax." R. L., *c.* 87, *s.* 1, as amended by Laws 1945, *c.* 3, *s.* 1, and *c.* 144, *s.* 1. The State claims that under this statute it acted correctly in assessing a tax on the residue of the estate before any deduction caused by the compromise agreement. The weight of authority supports this position, although the authorities are not unanimous.

In Kidder, State Inheritance Tax and Taxability of Trusts, *p.* 28 it is stated: "The question arises as to whether the several successions shall be taxed as provided in the will, or as provided for in the compromise agreement. This question has been litigated in several states, and the great weight of authority holds that successions in such cases shall be taxed only in the manner as provided by the will, and not in accordance with an agreement subsequently entered into among the heirs or beneficiaries." The author cites cases from the following jurisdictions to support this view: Arizona, California, Illinois, Iowa, Massachusetts, New Jersey, New York and Tennessee. To these should be added the case of *Cochran* v. *Commonwealth,* 241 Ky. 656. There are annotations on the subject in 78 A. L. R. 716 and 137 A. L. R. 664.

Professor Joseph Warren in 33 Harv. L. Rev. 556, 574, discusses the conflicting views and says: "the . . . doctrine of Illinois, Massachusetts and New York, which taxes the estate according to the terms of the will and not according to the provision of the agreement, is preferable."

The advocates of taxing according to the terms of the will take this view because of the desire for "a plain, simple rule" (*Baxter* v. *Treasurer,* 209 Mass. 459, 463), and to avoid the possibility of collusive agreements to escape taxation (*People* v. *Union Trust Company,* 255 Ill. 168, 182). On this latter point of fraud, see also, *Kimball* v. *Badger,*

93 N. H. 345. Any inequity of a tax upon what is not received can be taken care of by including provision for the payment of the tax in the voluntary agreement for the compromise.

The decision of *Caskey* v. *State*, 93 N. H. 438, is not necessarily in conflict with the above expressed weight of opinion. It was there held, in order to avoid the injustice of residuary legatees paying a tax upon money that they never received when the loss was due to a sale by the executor of stocks and bonds in a falling market in order to obtain cash to pay debts, legacies and expenses of administration, that the loss should be treated as an expense of administration. The principle of that case is not to be applied to the present one. It is limited to the facts then under consideration. Here we are concerned with a voluntary redistribution of the assets of the estate, not with a loss in no wise caused by the interested legatee or for his benefit. In the *Caskey* action, the loss was beyond the control of the legatee.

It is true that a legatee may renounce and in that event, the legacy tax is paid by the residuary legatee and not by the one who renounces. This is so, however, because of the law relating to the passing of testate property and not because of any agreement between legatees. 33 Harv. L. Rev., 575. This fact confirms the principle that the tax on legacies should be assessed under the statute on the transfers made by the will regardless of dealings by the legatees among themselves.

The Legacy and Succession Tax Department of the State is correct in exempting only the sum of $50,000.

*Petition dismissed.*

BRANCH, C. J., dissented: the others concurred.

BRANCH, C. J., *dissenting:* The injustice of the result reached in the majority opinion stands out clearly when it is noted that the residuary legatees are required to pay a legacy tax on the sum of $622,617.98. whereas they will receive from the estate only $522,617.98. Prior decisions of this court clearly indicate that this cannot be done.

The following statement from *Williams* v. *State*, 81 N. H. 341, 355, has never been questioned, although the case was overruled upon another point in *Amoskeag Trust Co.* v. *Dartmouth College*, 89 N. H. 471, 475: "The state tax is imposed upon or measured by the amount passing to each legatee or heir . . . . If by virtue of federal legislation or for any other reason a less amount passes under the laws of this

state, a less tax is imposed. *Kingsbury* v. *Bazeley*, 75 N. H. 13." On the contrary, the above passage was quoted and approved in *Caskey* v. *State*, 93 N. H. 438, 441. "From the above it is clear that all the State is entitled to tax is what the residuary legatee receives." *Caskey* v. *State, supra.*

Here, by reason of the fact that the executors made an adjustment of the widow's claims against the estate amounting to $100,000, the amount coming into the hands of the residuary legatees is less by that amount than it would have been if the will of the testator had been allowed to take effect according to its terms. This situation clearly comes within the language above quoted: "If by virtue of federal legislation *or for any other reason* a less amount passes under the laws of this state, a less tax is imposed." (Italics supplied).

The attempt made in the opinion to distinguish the *Caskey* case comes to nothing. There the loss "was due to a sale by the executors of stocks and bonds in a falling market." Here the loss was due to the conduct of the executors in making a settlement with the widow. This appears to be a distinction without a difference and no reason appears why any other principle should be applied in deciding the present case than that which was invoked in the *Caskey* decision. It is said that in the *Caskey* action that the loss was beyond the control of the legatees. If this fact is of any consequence, which does not appear to be the case, it may be assumed, in the absence of any statement to the contrary in the record, that the action of the executors was equally beyond the control of the residuary legatees.