JANIE THRASH PULLIAM AND HUSBAND, W. D. PULLIAM, v JOHN E. THRASH AND WIFE, LOUISE THRASH, GORDON THRASH, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF CAROLYN THRASH DORSETT, AND WIFE, TRUDELL THRASH, JACKSIE WOLFE, AND MAX POLANSKY AND WIFE, SELMA A. POLANSKY.

(Filed 20 March, 1957.)

**1. Taxation § 28—**

The primary liability of the devisees for the inheritance tax on the value of property devised to them under the will is not affected by any compromise agreement under which the ultimate disposition of the lands differs in whole or in part from that prescribed by the will. G.S. 105-2, G.S. 105-4, G.S. 105-15, G.S. 105-18, G.S. 105-20.

**2. Same—**

Will devising certain lands to three devisees as tenants in common was established by verdict and judgment, and by compromise agreement a fourth person was let in as a tenant in common and the land sold for partition. An additional inheritance tax assessed was paid by the commissioner out of the proceeds of sale. *Held:* The share of each of the three devisees is chargeable with one-third the tax, and no part thereof is chargeable against the share of the person let in by the compromise agreement or her transferee in the absence of an express or implied agreement to pay same.

APPEAL by Gordon L. Thrash, John E. Thrash and Janie Thrash Pulliam, from an order entered by *Clarkson, J.,* September Civil Term, 1956, of BUNCOMBE.

A partition sale proceeding involving real estate in Buncombe County was commenced 14 May, 1956. Admittedly, Janie Thrash Pulliam, John E. Thrash, Gordon L. Thrash and Max Polansky were the owners thereof, each owning an undivided one-fourth interest. A sale of said real estate by a commissioner was made and confirmed. Thereafter, the commissioner paid to the State of North Carolina, out of the proceeds of said sale, the amount of additional inheritance taxes assessed by the Commissioner of Revenue in respect of the estate of Carolyn Thrash Dorsett.

This question arose: Should the entire amount of this additional inheritance tax assessment be charged (one-third each) against the shares of Janie Thrash Pulliam, John E. Thrash and Gordon L. Thrash, or should one-fourth thereof be charged against Max Polansky's share? The relevant facts are stated below.

The said Buncombe County real estate was owned by Carolyn Thrash Dorsett on 16 May, 1953, the date of her death. In addition thereto, Mrs. Dorsett then owned real estate in Transylvania and Henderson Counties and personal property.

Mrs. Dorsett was a resident of Transylvania County. Upon her death, the Clerk of Superior Court of Transylvania County appointed Mrs. Jacksie McGaha Wolfe as administratrix. Thereafter, Janie Thrash Pulliam and Gordon L. Thrash presented to said clerk for probate in common form a paper writing dated 3 January, 1934. After hearing evidence, the said clerk entered an order dated 2 July, 1953, refusing to probate said paper writing. Janie Thrash Pulliam and Gordon L. Thrash excepted and appealed; and the cause came on for trial in the Superior Court of Transylvania County at December Term, 1953, upon the issue *devisavit vel non.*

By jury verdict, the said paper writing was established as the last will and testament of Carolyn Thrash Dorsett; and it was so adjudged. Mrs. Wolfe had withdrawn her opposition. In consideration thereof, it was agreed that the real and personal property of Carolyn Thrash Dorsett should be divided, one-fourth each to Janie Thrash Pulliam, John E. Thrash, Gordon L. Thrash and Jacksie McGaha Wolfe. This agreement was incorporated in a consent judgment; and, in compliance with the terms thereof, by deed dated 14 December, 1953, duly recorded in the Buncombe County Registry and elsewhere, John E. Thrash and wife, Louise Harrison Thrash, and Gordon L. Thrash and wife, Trudell Thrash, and Janie Thrash Pulliam and husband, William D. Pulliam, conveyed to Jacksie McGaha Wolfe, her heirs and assigns, an undivided one-fourth interest in all lands owned by Mrs. Dorsett and in all her personal property. No reference to inheritance taxes appears in the consent judgment or in the deed.

After the said verdict and judgment, Gordon L. Thrash, named as such in the will, qualified as executor.

Thereafter, the said four owners sold and conveyed the Transylvania and Henderson real estate. The record does not disclose when this was done or the price received therefor. It does state that, "by agreement with the State of North Carolina," such sales and conveyances were made "free and clear of any claim for inheritance tax on the said estate."

An examination of said last will and testament discloses that Mrs. Dorsett made certain specific bequests, not relevant in connection with this appeal. She disposed of her residuary estate as follows: "And whatever else my estate may consist of at time of my death, either in land notes, mortgages, moneys, real and personal *et al,* I want equally divided between nieces and nephews share and share alike including Gordon L. Thrash, but exclusive of my niece, Mrs. Jacksie McGaha Wolfe and her issue, and heirs at law." Janie Thrash Pulliam, John E. Thrash and Gordon L. Thrash were the persons to whom property was bequeathed and devised by said residuary clause.

The executor prepared and filed an inheritance tax return, based on the supposition that there were four beneficiaries, and paid the tax due thereon. It does not appear when this was done. It does appear that "the Commissioner of Revenue of the State of North Carolina filed a tax judgment against Gordon L. Thrash, Executor of the Estate of Carolyn Thrash Dorsett, and Gordon L. Thrash, John E. Thrash and Janie Thrash Pulliam and other beneficiaries of the Estate of Carolyn Thrash Dorsett in the Office of the Clerk of the Superior Court of Buncombe County . . ." This tax judgment bears date of 18 January, 1956, and was filed 20 January, 1956, and docketed and recorded as a judgment. The said additional assessment ($776.91) was made on the ground that the tax was determinable on the basis of three beneficiaries, the said devisees.

While the record is not clear, it implies that the executor distributed the personal property to Janie Thrash Pulliam, John E. Thrash, Gordon L. Thrash and Jacksie McGaha Wolfe prior to his receipt of notice of said additional tax assessment. The answer filed herein by the executor contains this allegation: "That there are no funds and no other property in the Estate except the property involved in this proceeding from which such taxes can be paid, and your respondent respectfully requests that the Commissioner be directed to pay such inheritance tax out of the proceeds of the sale of this property."

By deed dated 30 January, 1956, and duly recorded in Buncombe County, Jacksie McGaha Wolfe, unmarried, sold and conveyed her one-fourth interest in and to said *Buncombe County real estate* to Max Polansky, his heirs and assigns. In said deed, the grantor, in her warranty of title, covenanted "that said land and premises are free from any and all encumbrances other than taxes for the years 1953 and subsequent; and that the estate of Mrs. Carrie Thrash Dorsett will not make any attempt to subject the property above described to the payments of obligations of the estate."

The order of the court below was "that the Commissioner shall charge all payments on account of the additional assessment of inheritance tax and costs or obligations of the Estate against the share of GORDON L. THRASH, JOHN E. THRASH, JANIE THRASH PULLIAM, and shall not charge any part thereof against the share of the proceeds of sale of the interest belonging to MAX POLANSKY." Gordon L. Thrash, John E. Thrash and Janie Thrash Pulliam excepted and appealed.

*Potts & Ramsey for appellant Gordon L. Thrash.*
*W. W. Candler for appellant John E. Thrash.*
*Cecil C. Jackson for appellant Janie Thrash Pulliam.*
*Horner & Gilbert for appellee Polansky.*

BOBBITT, J.   The arguments presented deal largely with whether the court's finding that Polansky is "in the position of a *bona fide* purchaser for value without notice more than two years after the death of Mrs. Dorsett," is supported by evidence; and if so, whether Polansky is protected by the provisions of G.S. 28-83.   In our view, other factors control decision.

We are not concerned with whether, as between the State of North Carolina and Polansky, the additional inheritance tax assessment was a lien on his interest in the Buncombe County lands until paid.   G.S. 105-20, G.S. 105-31.   The tax has been paid.   The question here is whether, as between him and the three devisees, Polansky is obligated for the payment of any part thereof.

Our statutes impose inheritance taxes upon transfers of property by will, by intestate laws or in contemplation of death.   G.S. 105-2.   The amount of the tax is determined on the basis of the value of the property so transferred to each beneficiary.   G.S. 105-4, *et seq.*   The obligation of a devisee to pay the tax assessed on the property transferred to him by will is primary.   G.S. 105-15, G.S. 105-18, G.S. 105-20.   No provision is made for the assessment of inheritance taxes on a different basis because, pursuant to a contract made by the devisees after the testator's death, the ultimate disposition differs in whole or in part from that prescribed by the will.

In 36 A.L.R. 2d 917, the subject annotated is this: "Succession, estate, or inheritance tax as affected by compromise of will contest." There is a conflict of authority, due in part to diversity in statutory provisions.   The annotator states: "The majority view appears to be that in this situation the succession tax is computable in accordance with the terms of the will, unaffected by the compromise agreement." *Fidelity & C. Trust Co. v. Commonwealth,* 241 Ky. 656, 44 S.W. 2d 603, 78 A.L.R. 710, is one of the cases cited as authority for the majority view.   The Commissioner of Revenue assessed the inheritance taxes involved here in accordance with that view.   So far as the record shows, neither the executor nor the devisees contested the assessment.

The will having been established by verdict and judgment, it must be regarded as valid *ab initio.*   In *Bailey v. McLain,* 215 N.C. 150, 1 S.E. 2d 372, 120 A.L.R. 1487, this Court, in opinion by *Seawell, J.,* quotes with approval these two excerpts from *Fidelity & C. Trust Co. v. Commonwealth, supra:* "Whilst the legatees could not receive the property under the will until it was duly established, neither could the heirs inherit the property unless the will was set aside."   Again, speaking of the caveator: "While his right to maintain the contest of the will is derived from his relationship to the testator, his title to the money came from the contract with the legatees."

Liability, if any, of Mrs. Wolfe or of Polansky to pay any part of the devisees' primary obligation in respect of inheritance taxes must be based on contract, express or implied. See *Bailey v. McLain, supra.*

Whether Mrs. Wolfe, by her contract with the devisees, became obligated to pay one-fourth of the amount of the inheritance taxes, is not presented for decision. She has no interest in the proceeds derived from the sale of the Buncombe County real estate.

It is clear that Polansky made no agreement, express or implied, with the devisees or with Mrs. Wolfe, to pay any part of the inheritance taxes. Indeed, as indicated above, Mrs. Wolfe's covenant with Polansky was to the effect that he acquired her interest in the Buncombe County real estate free from any obligations of the estate of Carolyn Thrash Dorsett.

The order of the court below is

Affirmed.