[No. 42580. En Banc. December 6, 1973.]

*In the Matter of the Estate of* GLENN W. GRANGER, *Deceased.* THE STATE OF WASHINGTON, *Appellant,* v. SEATTLE-FIRST NATIONAL BANK, *as Executor, Respondent.*

*Slade Gorton, Attorney General, Timothy R. Malone, Senior Assistant,* and *Henry W. Wager, Assistant,* for appellant.

*J. Orrin Vining,* for respondent.

WRIGHT, J.—In event of a will contest, which results in a settlement, should the inheritance tax be computed upon the distribution made in the will or the distribution produced by the settlement?

On April 14, 1971, Glenn W. Granger died testate. His will, admitted to probate on April 19, 1971, was dated October 23, 1963. Another will, dated January 8, 1971, was subsequently offered for probate. The 1963 will left the entire estate to the widow, who was 84 years old at the time of Mr. Granger's death. She is a class A beneficiary. The 1971 will left the widow only a life estate and left the entire balance to relatives, to strangers to the blood, and to charities. All are class B or class C beneficiaries under RCW 83.08.030 and 83.08.040, except the charities which were exempt under RCW 83.20.010.

After the 1963 will had been admitted to probate, one Harold Hamilton (not a relative) offered for probate the 1971 will which by its terms revoked the 1963 will. A bona fide will contest ensued. The purported will of January 8, 1971, was attacked upon grounds of incompetency of the testator, undue influence, duress, and similar grounds. A settlement followed in which the 1963 will remained the last will and testament of deceased. The charities received nothing in the settlement except attorneys' fees. The other persons mentioned in the 1971 will received money and property in settlement, but not in the same proportion as was mentioned in that will. Class B beneficiaries received $15,925 and class C beneficiaries received $69,105 from the estate.

On October 13, 1971, the court entered an order denying

the petition for probate of the 1971 will, dismissing the contest, and approving the settlement. The assistant director of the inheritance tax division computed the tax on class A, B and C rates according to the settlement. The executor filed timely objections, and the matter came on for hearing before the superior court on June 26, 1972. The court then decided in favor of the executor, that the tax should be computed on class A rates. The State of Washington, Department of Revenue, appealed.

Appellant's theory is that without the second will which was offered for probate, the parties named therein would have no standing to contest the will which had been admitted to probate. Thus, when the persons named in the will which was ultimately rejected received a settlement, it is contended they received because of a will. This would bring such property given to the contestants in settlement into the classification of property which shall pass by will within the terms of RCW 83.04.010.

Respondent's theory is that there can be only one last will and testament. All property passes under the one true will. Anything given by way of settlement is deemed to have passed to the person named in the will and then is assigned to the contestants.

The problem has never been litigated in the state of Washington, and the cases from other jurisdictions are conflicting.

The weight of authority favors respondent's theory, and certainly that theory is compatible with the Washington tax which is an inheritance tax rather than an estate tax. In *In re Estate of Birkeland,* 56 Wn.2d 441, 443, 353 P.2d 667 (1960), we said: "This state has an inheritance tax as opposed to an estate tax such as prevails in the Federal system and New York."

The leading American case on this subject is *Baxter v. Treasurer & Receiver General,* 209 Mass. 459, 95 N.E. 854 (1911). In that case it was held the tax shall be determined according to the terms of the will without regard to any settlement of a will contest.

The Michigan court reached the same result in *In re Estate of Cress,* 335 Mich. 551, 565, 56 N.W.2d 380 (1953), in which it was said:

> In the case at bar, the tax is computed by reason of transfer of property by will. The compromise agreement does not change the fact that the entire property in the estate passes by reason of the will, and at the time of the death of testator.

*Accord, In re Estate of Broders,* 224 Ore. 165, 355 P.2d 738 (1960); *Pope v. Kingsley,* 40 N.J. 168, 191 A.2d 33 (1963); *Pulliam v. Thrash,* 245 N.C. 636, 97 S.E.2d 253 (1957); *In re Estate of Burtman,* 95 N.H. 383, 63 A.2d 798 (1949); *People v. Upson,* 338 Ill. 145, 170 N.E. 276 (1930), and numerous others. In total, there are approximately 18 states holding the same.

Whichever rule is adopted, it will in some cases result in a larger tax and in some cases in a smaller tax. As the Connecticut court said in *Emanuelson v. Sullivan,* 147 Conn. 406, 410, 161 A.2d 788 (1960): "We are aware that the rule we are adopting is a sword which cuts both ways." We believe, however, the majority rule stated herein has the virtue of being backed by substantial logic and is easier to administer.

We hold, therefore, that where a compromise of a will contest results in an agreed settlement, the tax should be computed upon the property as it passed by the will which is admitted to probate. Judgment affirmed.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, UTTER, and BRACHTENBACH, JJ., concur.