[No. 45352. En Banc. May 24, 1979.]

*In the Matter of the Estate of*
HARVEY L. RENDSLAND.

*Reed, McClure, Moceri & Thonn, P.S.,* by *Anne Bradley* and *Richard C. Reed,* for appellants.

*Monheimer, Van Fredenberg, Smith & Schermer,* by *D. Van Fredenberg,* for respondent.

HOROWITZ, J.—This is an appeal from a final decree of distribution of an estate pursuant in part to the terms of a settlement agreement, where the decree placed liability for

the payment of substantial state inheritance taxes on appellants.

Central to the determination of the case is the 1973 ruling of this court that where a will contest results in a settlement agreement providing for distribution of an estate in a manner differing from the provisions of the will, the state inheritance tax must nonetheless be computed on the property as it passes under the will itself. *In re Estate of Granger,* 83 Wn.2d 132, 516 P.2d 505 (1973). This appeal raises the next question, that is, whether the assessments computed on the basis of the provisions of a will are to be taxed against the takers under the will, or against the actual takers under the compromise settlement. We hold that liability for the taxes falls on the takers under the terms of the will, but that in this case the settlement agreement impliedly allocates the tax liability to the actual takers according to the agreement.

The decedent Harvey Rendsland, a resident of Mason County, died testate on September 18, 1968. His Last Will and Testament, dated April 22, 1968, and a Codicil thereto, dated May 8, 1968, were admitted to probate on September 20, 1968. The estate was valued at more than one million dollars and consisted primarily of undeveloped real estate.

Under the terms of the will and codicil, a substantial portion of the decedent's real property was specifically devised to Nona Preston, a close friend of the decedent who had acted as his real estate agent and, in his last illness, had helped to manage his affairs. The will also created a trust from the residue remaining after other specific bequests, and one–fifth of this trust was to be distributed in equal shares to Nona Preston and her daughter Patricia Curran. Patricia Curran received no other benefits under the will.

Shortly after the will was admitted to probate the decedent's daughter, Phyllis Fixemer, filed a petition contesting the will, alleging the bequests to Nona Preston and her daughter were obtained by undue influence, coercion and fraud, and that the testator was incompetent at the time of

execution of the will. Nona Preston and Patricia Curran thereafter entered into a Stipulation for Settlement of Will Contest with Phyllis Fixemer and the other beneficiaries of the testamentary trust. The settlement agreement was approved by the Superior Court for Mason County on June 8, 1970.

There are three provisions in the agreement which are of particular concern in this appeal. Under the first clause of the stipulation Nona Preston and Patricia Curran "waive all of their interest in the residuary estate" which made up the testamentary trust. By this stipulation Patricia Curran relinquished her only claim to any benefit under the will, as there are no other provisions under which she may receive any share in the estate. While Nona Preston also relinquished her interest in the residuary trust, she retained her right to the specific devises of real property made to her in the will. In the eighth clause of the stipulation, Nona Preston expressly acknowledged that state inheritance taxes on those specific devises were not to be payable from the residuary estate. Finally, in the second clause of the stipulation the parties agreed that all creditors' claims, federal estate taxes, and other expenses of administration were to be paid from the residuary estate. No specific and express provision was made regarding liability for the state inheritance taxes assessed against the share in the residual trust which was waived by Nona Preston and Patricia Curran.

In its final order approving final account and decree of distribution, entered February 2, 1978, the court below held Nona Preston and Patricia Curran are to be charged with a pro rata portion of the state inheritance tax attributable to the one–fifth share in the residual trust. The court concluded that the rule of *In re Estate of Granger, supra,* required liability for the tax to follow from the will provisions, and that the parties had not agreed to shift that liability in their settlement agreement. Since Nona Preston did not relinquish her right to the specific devises under the will, her tax liability of approximately $29,000 was to be

taken from her remaining share of the distribution. Patricia Curran, however, having waived all her interest in the only bequest made to her, has no share from which to deduct the taxes for which she is responsible. Thus she was required to reimburse the executor of the trust for the tax attributable to the share she waived—approximately $24,000. In the event she did not do so, the executor was to charge the tax to the residual estate and assign its claim against Patricia Curran for payment of the $24,000 to the trustees of the residual trust for the benefit of the trust beneficiaries.

Nona Preston and Patricia Curran now appeal from this order, contending that even though the inheritance tax must be computed on the basis of the provisions of the will, liability for the tax does not necessarily fall on the takers under the will where the right to receive the property has been shifted by a settlement agreement. Phyllis Fixemer cross–appeals, arguing that Patricia Curran's tax liability should be assessed against Nona Preston's remaining interest in the estate. We agree with the court below that since the inheritance tax is to be assessed on the basis of the provisions of the will, liability for the tax normally falls on the takers under the will, whether the beneficiaries agree to a different final distribution or not. In this case, however, we find that the parties' agreed settlement impliedly shifted the obligation for the tax to those who are actually to receive the benefits of the residuary trust share. We therefore reverse the trial court on the issue of liability for the state inheritance taxes attributable to the one–fifth portion of the trust which was waived by appellants Nona Preston and Patricia Curran.[1]

This state's inheritance tax is an excise laid on the privilege of receiving property by inheritance and is thus a

---

[1]Since we hold the tax liability was impliedly shifted to the other takers under the residuary trust, we do not reach the issue raised on cross appeal, that is, whether Nona Preston's share could be charged with Patricia Curran's tax liability.

tax not on the estate, but on those who succeed to it. *In re Estate of Birkeland,* 56 Wn.2d 441, 443–44, 353 P.2d 667 (1960). The tax takes effect and accrues at the time of the decedent's death. RCW 83.44.010. In view of the particular nature of the tax, and in agreement with the rule followed by a majority of states having this type of inheritance tax, the court held in *In re Estate of Granger, supra,* that inheritance taxes are to be computed as if the estate were to be distributed in accordance with the provisions of the will, regardless of any compromise settlement arranging a different distribution. Since tax liability attaches at the time of a testator's death and is computed in accordance with the will's provisions, it logically follows that responsibility for payment of the taxes is also fixed at the time of death and falls on the beneficiaries under the will's provisions. *See In re Estate of Burtman,* 95 N.H. 383, 63 A.2d 798 (1949); *Cohn v. Cohn,* 20 Cal. 2d 65, 123 P.2d 833 (1942).

█ Nonetheless, while a settlement agreement cannot affect the taxes assessed under the statute, it may expressly or impliedly allocate responsibility for paying the taxes as between the parties to the agreement. *See Pulliam v. Thrash,* 245 N.C. 636, 97 S.E.2d 253 (1957); *Brown v. McLoughlin,* 287 Mass. 15, 190 N.E. 795 (1934); *Cohn v. Cohn, supra.* In this case we find the only construction of the parties' settlement agreement which is both consistent with the language and reasonable in light of the circumstances, is that the parties impliedly allocated responsibility for payment of these inheritance taxes to those who actually received the share.

The settlement agreement, entered into by appellants, the executor of the estate, and the other beneficiaries of the residuary trust, demonstrates close attention to the matter of allocation of taxes and other expenses. All creditor claims, federal taxes, and other expenses are to be paid from the residuary estate. Nona Preston specifically acknowledges her liability for taxes assessed on the specific

devises to her. Clearly, counsel for all parties had the subject of allocation of tax liability in mind when the agreement was framed. It cannot be an accident, then, that the only tax burden relevant to the dispute which was not expressly allocated was that tax assessed against the one-fifth share of the trust—the only share waived or otherwise relinquished.

In light of these facts we must consider the language of the first clause of the stipulation, by which appellants waived "all of their interest" in the residuary estate. Under RCW 83.44, upon the testator's death the inheritance taxes accrued, and a lien attached to the estate's real property for payment of taxes accruing on legacies to be charged to that real property. Thus, when appellants waived "all their interest in" the share of the residuary estate, they waived a share on which taxes had accrued, and, in the case of the real property portion of the estate residue, to which a lien had attached. Normally a mere waiver of such an interest will not avoid liability for the tax, or shift the burden to another party. In this case, however, it is both unreasonable and inconsistent to conclude the parties did not intend such a shift.

The key to the proper construction of this agreement is the position of Patricia Curran. Under the construction imposed by the court below she receives no benefit whatsoever under the settlement agreement or under any other provision of the will, but would nonetheless bear a tax burden of $24,000. This limitation on a party's ability to extricate herself from a will contest makes it a very dangerous business indeed to be named as a beneficiary. We do not believe such an interpretation expresses the intent of the parties.

The only reasonable and equitable interpretation of this agreement is that all parties recognized that appellants waived an interest which was subject to a lien, and intended the only reasonable tax consequence under the circumstances—that responsibility for payment of the tax would fall on those receiving the waived share. To hold

otherwise would ignore the fact that Nona Preston expressly acknowledged liability for the inheritance taxes on her specific devises, while neither she nor Patricia Curran expressly acknowledged liability for their waived share of the trust. We may infer from this that the parties did not intend for either appellant to bear this tax liability and thus made no provision for acknowledging it. This circumstance is all the more probable because the agreement was written several years before *In re Estate of Granger* announced the rule to be applied in calculating inheritance taxes in such cases.

Furthermore, any other interpretation of the agreement leads to the unreasonable and inequitable conclusion that a woman receiving no benefits under a will must be liable for $24,000 in taxes assessed under that will. To avoid this inequitable result, the agreement must be construed as intending that neither Nona Preston nor Patricia Curran was to bear any tax liability for the waived share. We hold that under the peculiar circumstances of this case the settlement agreement impliedly shifted responsibility for payment of inheritance taxes on the waived share to those parties to the agreement who would receive the share.

We stress that this result follows only from the unique circumstances of this case, which render any other interpretation untenable. We do not hold that a waiver of a share in an estate shifts responsibility for inheritance taxes to those receiving the benefits under all circumstances. We only hold that under the circumstances of this case the contract impliedly provides for this result.

The order of the trial court in this regard is reversed and the case remanded for further proceedings in accordance with this opinion.

UTTER, C.J., and ROSELLINI, STAFFORD, WRIGHT, BRACHTENBACH, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.