BOBBY LEE MEDFORD, Individually and as Executor of the Estate of Mary Span M. Clemens v. MARK G. LYNCH, Secretary of the North Carolina Department of Revenue

No. 8328SC488

(Filed 3 April 1984)

**Taxation § 27— inheritance tax—computed according to provisions of will rather than consent judgment error**

    A trial judge erred in concluding that inheritance taxes must be computed according to the provisions of a testator's will rather than according to the actual distribution of the estate pursuant to a consent judgment in a caveat proceeding since G.S. 105-2(1) clearly provides that inheritance tax shall be imposed upon the transfer of property pursuant to a final judgment in a caveat proceeding.

APPEAL by plaintiff from *Allen, Judge.* Judgment entered 20 January 1983 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 14 March 1984.

Plaintiff, executor of the estate of Mary Clemens, was the sole beneficiary under a will executed by Mary Clemens on 26 May 1978. After plaintiff probated that will in common form, Robert McLendon, a devisee under a will purportedly executed by Mary Clemens on 19 January 1977, instituted a caveat proceeding to probate the 1977 will. Patrick Span and Claudia Span Johns, all of the heirs at law of Mary Clemens, thereafter intervened in the proceedings as caveators.

The trial began on 21 April 1980 before a judge and a jury. During the trial, the parties agreed on a settlement whereby the 26 May 1978 will in favor of plaintiff would be probated in solemn form, but the distributable estate would be apportioned as follows: 50% to plaintiff, 28% to McLendon, 11% to Spans, and 11% to Johns. This agreement was reduced to writing and executed by the parties and their attorneys on 24 April 1980. Evidence of the execution of the will had already been presented, and the terms of the settlement were disclosed to the court prior to the close of the evidence. The jury found that the 26 May 1978 will was the last will and testament of Mary Clemens. Thereafter, the trial court, on 24 April 1980, entered a consent judgment which found that the 26 May 1978 will was the last will and testament of Mary Clemens but ordered that the "distributable estate"

be apportioned according to the terms of the settlement reached by the parties. This judgment has not been appealed.

Thereafter, plaintiff, as executor, filed a North Carolina Inheritance Tax Return, computing the inheritance tax due based on the transfers of property made pursuant to the consent judgment, and paid the inheritance tax as a debt of the estate. Defendant Department of Revenue determined plaintiff's inheritance tax liability according to the terms and provisions of the 26 May 1978 will (without regard for the provisions of the consent order) and assessed additional inheritance taxes, penalty and interest of $4,845.92 against plaintiff. Plaintiff paid the assessed tax, requested a refund pursuant to G.S. 105-267, and, upon denial of his request for refund, instituted this action to recover $4,845.92 together with interest.

The trial judge, sitting without a jury, heard the matter and entered judgment in favor of the Department of Revenue. The trial judge concluded, as a matter of law, that G.S. 105-2(1) required plaintiff to compute the inheritance tax solely in accordance with the provisions of the will as probated in solemn form. Plaintiff appeals.

*Attorney General Edmisten, by Assistant Attorney General George W. Boylan, for the defendant-appellee.*

*Long, Parker, Payne & Matney, by Robert B. Long, Jr., for plaintiff-appellant.*

EAGLES, Judge.

Plaintiff assigns as error the trial judge's conclusion of law that inheritance taxes must be computed according to the provisions of the 26 May 1978 will instead of the actual distribution of the estate pursuant to the consent judgment. Plaintiff contends that G.S. 105-2(1) requires that inheritance taxes be computed based on the transfers of property made pursuant to the consent judgment in the caveat proceedings. We agree.

Prior to 1 July 1974, G.S. 105-2(1) provided:

A tax shall be and is hereby imposed upon the transfer of any property, real or personal, or of any interest therein or income therefrom, in trust or otherwise, to persons or cor-

Medford v. Lynch

porations . . . [w]hen the transfer is by will or by the intestate laws of this State from any person dying seized or possessed of the property while a resident of the State.

Our Supreme Court ruled in 1957 that, according to the language in that statute, "the succession tax is computable in accordance with the will, unaffected by the compromise agreement" that had been incorporated in a consent judgment. *Pulliam v. Thrash*, 245 N.C. 636, 639, 97 S.E. 2d 253, 256 (1957).

In 1974, the legislature amended G.S. 105-2(1) by adding language concerning a final judgment in a caveat proceeding:

A tax shall be and is hereby imposed upon the transfer of any property, real or personal, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations . . . [w]hen the transfer is by will or by the intestate laws of this State from any person dying seized or possessed of the property while a resident of the State, *or when the transfer is made pursuant to a final judgment entered in a proceeding to caveat a will executed by any person dying seized of the property while a resident of this State.* (Emphasis added.)

We find that the legislature thereby provided for a different result than that in *Pulliam.* The amended version of G.S. 105-2(1), which controls this case, clearly provides that inheritance tax shall be imposed upon the transfer of property pursuant to a final judgment in a caveat proceeding.

Defendant contends that the consent judgment here was not a "final judgment" in the caveat proceeding, but merely a contract between the parties. We find this argument to be without merit, noting that our Supreme Court has recently held:

Once the court adopts the agreement of the parties and sets it forth as a judgment of the court with appropriate ordering language and the signature of the court, the contractual character of the agreement is subsumed into the court ordered judgment. At that point the court and the parties are no longer dealing with a mere contract between the parties.

The power of the court to enforce its judgment is no less and no greater for a court-adopted consent judgment than for a judgment resulting from a jury verdict in a hotly contested adversary proceeding. (Citations omitted.)

*Henderson v. Henderson,* 307 N.C. 401, 407-408, 298 S.E. 2d 345, 350 (1983).

We hold that a consent judgment entered in a caveat proceeding is, absent any evidence of collusion, a final judgment for purposes of G.S. 105-2(1). There being no evidence of collusion here, we find that the trial judge erred in holding that the inheritance taxes here must be computed according to the provisions of the will instead of the actual distribution of the estate pursuant to the consent judgment.

Reversed.

Judges WEBB and BECTON concur.