RUTH BELL JONES, EXECUTRIX OF THE ESTATE OF GLADYS BELL GERMAN, PLAINTIFF-APPELLEE v. JOHN W. GERMAN AND ANITA GERMAN DENIUS, INDIVIDUALLY; AND JOHN W. GERMAN AND ANITA GERMAN DENIUS AS CO-EXECUTORS OF THE ESTATE OF FINLEY L. GERMAN; AND JOHN W. GERMAN AND M. HAROLD WITHERSPOON, CO-TRUSTEES OF THE QTIP TRUST UNDER THE WILL OF FINLEY L. GERMAN, DEFENDANTS-APPELLANTS

No. COA02-466

(Filed 4 March 2003)

**Taxes— estate—QTIP trust distribution—directive in will**

The trial court correctly directed defendants to pay the N.C. estate taxes on the remaining assets in a QTIP trust established in testator's will for the benefit of his wife where the testator had directed that all of his estate taxes be paid entirely from his residuary estate and defendants were the co-executors and sole remaining beneficiaries of his estate.

Appeal by defendants from judgment entered 8 February 2002 by Judge Beverly T. Beal, Superior Court, Caldwell County. Heard in the Court of Appeals 28 January 2003.

*Patrick, Harper & Dixon, L.L.P., by Stephen M. Thomas, for defendants.*

*Todd, Vanderbloemen, Brady & LeClair, P.A., by Bruce W. Vanderbloemen, for plaintiff.*

WYNN, Judge.

In this appeal, plaintiff Ruth Bell Jones is the daughter of Gladys Bell German who received a benefit (until her death) from a Qualified Terminal Interest Property (QTIP) Trust established by her

husband, Finley L. German; Ruth Bell Jones served as the executor for the Estate of Gladys Bell German. Defendants John W. German and Anita German Denius received (upon Gladys Bell German's death) the remaining assets from the QTIP Trust; they served as the co-executors of the Estate of Finley L. German. Defendants John W. German and M. Harold Witherspoon are the co-trustees of the QTIP Trust. Defendants appeal from a declaratory judgment holding that upon the death of Gladys Bell German, defendants must pay the North Carolina Estate Tax on the remaining assets they received from the QTIP Trust.

We summarize our holding in this case as follows: Under North Carolina law, a devisee has an obligation to pay the tax assessed on the property transferred to him by Will, unless otherwise directed by a contrary testamentary provision. *Pulliam v. Thrash*, 245 N.C. 636, 639, 97 S.E.2d 253, 255 (1957); *Cornwell v. Huffman*, 258 N.C. 363, 369, 128 S.E.2d 798, 802 (1963).[1] Defendants received the residuary assets of the QTIP Trust as beneficiaries under the Estate of Finley L. German; moreover, Finley L. German directed under his Will that the taxes be paid from the residuary of his estate. Because defendants are the co-executors and sole beneficiaries under the Estate of Finley L. German, we uphold the trial court's judgment directing the defendants to pay the estate taxes on the QTIP Trust.

The underlying facts in this matter show that Finley L. German died testate establishing by his Will a QTIP Trust in which his estate ultimately placed $946,775.00 for the benefit of his wife, Gladys Bell German, until her death. At her death, the property remaining in the trust was to be distributed to Mr. German's children from another marriage, John W. German and Anita German Denius. Gladys Bell German died on 19 April 1999; thereafter, Ruth Bell Jones (as executor for her estate) brought this declaratory judgment action to determine whether defendants or the Estate of Gladys Bell German must pay the North Carolina Estate Tax on the residuary assets of the QTIP Trust. From the trial court's judgment in favor of the Estate of Gladys Bell German, defendants appeal.

---

On appellate review of a declaratory judgment, this Court must uphold a trial court's findings of fact in a trial without a jury if sup-

---

1. Effective January 1, 1999, and applicable to the estates of decedents dying on or after that date, N.C. Gen. Stat. § 105-32.3(a) states: "A person who receives property from an estate is liable for the amount of estate tax attributable to that property." Because Finley L. German died before 1999, that statute does not apply to the resolution of the issue in this case.

ported by any competent evidence. *See Am. Mfrs. Mut. Ins. Co. v. Morgan*, 147 N.C. App. 438, 440, 556 S.E.2d 25, 27 (2001). In our review, we determine whether the record contains competent evidence to support the findings; and, whether the findings support the conclusions. *Id.* If the trial court's findings are supported by competent evidence and, in turn, support its conclusions, the declaratory judgment must be affirmed on appeal. *Id.* However, if the conclusions from the facts found involve legal questions, they are subject to review on appeal. *Id.*

Initially, we note that the parties in this case agreed on a statement of facts and that the trial court's findings of fact are essentially a recital of the procedural history of this case. Accordingly, we find the trial court's findings of fact are supported by competent evidence. Thus, the issue on appeal is whether these findings of fact support the conclusion that the defendants should pay the estate taxes on the assets of the QTIP Trust.

In general, under North Carolina case law (now codified by N.C. Gen. Stat. § 105-32.3(a)) devisees have an obligation to pay the tax assessed on the property transferred to them by Will. *Pulliam v. Thrash*, 245 N.C. 636, 639, 97 S.E.2d 253 (1957); *see also* N.C. Gen. Stat. § 105-15, 105-18, 105-20 (1995). In this case, John W. German and Anita German Denius received the remaining assets from a QTIP Trust through a devise made by Finley L. German in his Will. Thus, since they received their assets from the QTIP Trust from a transference under Finley L. German's Will, under the general rule, they are responsible for the estate taxes assessed against the property they received.

Moreover, our case law also allows a testator to change the party responsible for any estate tax liability. *See Cornwell v. Huffman*, 258 N.C. 363, 369, 128 S.E.2d 798, 802 (1963); *see also Buffaloe v. Barnes*, 226 N.C. 313, 38 S.E.2d 222 (1946); *Craig v. Craig*, 232 N.C. 729; 62 S.E.2d 336 (1950). In the case *sub judice*, Finley L. German's Will directed,

> all transfer, estate, inheritance, succession and other taxes in the nature thereof becoming payable because of my death, with respect to properties constituting my gross estate for death tax purposes, whether or not such property passes under this Will, shall be paid entirely out of my residuary estate and that no part of said taxes shall be apportioned or prorated to any legatee or

devisee under this Will or any person owning or receiving any property not passing under this Will.

Thus, by the terms of his Will, Finley L. German directed all of his estate taxes to be paid entirely out of his residuary estate. Since the defendants are the co-executors and sole remaining beneficiaries under the Estate of Finley L. German, we find no error in the trial court's judgment directing them to pay the estate taxes arising from the remaining QTIP Trust assets.

Affirmed.

Judges BRYANT and GEER concur.